```
                UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      Alexandria Division
```

KATHERINE R. DAUPHIN,           )
    Plaintiff,                  )
                                )
    v.                          )   Civil Action No. 1:15cv149
                                )
LOUIS A. JENNINGS, et al.,      )
    Defendants.                 )
                                )

## REPORT AND RECOMMENDATION

This matter came before the undersigned Magistrate Judge in conjunction with the Court's order dated July 22, 2016 directing prior counsel for Defendants Louis A. Jennings and Beverly L. Hennager to "submit to the Court a statement of unpaid fees and costs…incurred from August 11, 2015 through the date of [the] Order." (Dkt. 161.)

In response thereto, a statements of fees and costs was filed by Kathleen J. L. Holmes, former counsel for Mr. Jennings (Dkt. 163). Ms. Holmes also filed a Notice of Attorney's Charging Lien. (Dkt. 232.)[1] Thereafter Mr. Jennings, acting pro se, filed an opposition to the attorney's fees lien and later, by counsel, Mr. Jennings filed a Notice of Arbitration Demand for the fees and costs charged by Kathleen Holmes as well as a Motion to Compel Arbitration. (Dkts. 251, 269, 282.)

---

[1.] Two former counsel for Ms. Hennager, David Fiske of Fiske Law Group, PLLC, and Angela France of PCT Law Group, also filed statements of fees and costs and Attorney's Charging Liens, which will be addressed in a separate Report & Recommendation at a later time (Dkts. 241 and 257).

I. Background

This case was removed from the Circuit Court of Fairfax County on February 9, 2015. (Dkt. 1.) Plaintiff Katherine R. Dauphin filed suit against defendants Louis A. Jennings, Jr. and Beverly Hennager seeking dissolution of the Kay Jennings Family Limited Partnership ("JFLP"). The partners of JFLP were unable to make decisions for the partnership which led to the need for dissolution and the sale or lease of its property to pay for the debts and taxes due.

At a settlement conference on August 10, 2015, the parties entered into a settlement agreement which approved the appointment of a Special Master to perform a number of specifically designated tasks associated with an orderly disposition of the properties, including sale or lease, and to determine amounts that may be due and owing to the partnership by the parties and by its former tenant, Jennings Motor Company. (Dkt. 67) The Court then appointed Paul F. Sheridan as Special Master to perform these duties. Mr. Sheridan was also empowered to employ counsel and consultants as may be necessary to carry out his duties.  The Special Master, with the Court's blessing, decided to utilize counsel for all parties to assist him by performing specifically assigned tasks.  In addition, counsel were required to prepare pleadings and present facts and evidence on behalf of their clients at hearings before the

Special Master.

Shortly after the settlement, Angela France of PCT Law Group was denied leave to withdraw as counsel for Defendant Beverly Hennager. (Dkt.68.) However, she and her co-counsel were ultimately granted leave to withdraw because David Fiske, of Fiske Law Group, PLLC, entered an appearance to substitute as counsel for Ms. Hennager. (Dkt. 71.) As set forth below in more detail, the Court denied all motions filed by Kathleen Holmes for leave to withdraw as counsel for Mr. Jennings, unless substitute counsel was obtained. (Dkts. 75, 159.) This position of the court was also conveyed to David Fiske, counsel for Ms. Hennager. The Defendants on multiple occasions, filing pro se, also asked that the Court remove Ms. Holmes and Mr. Fiske as their counsel, which were all denied (Dkts. 140, 144, 159). Only after the Special Master had completed many of his duties, including sale of three parcels for $11,250,000,[2] and substantially negotiated a sale of the lease on the remaining parcels, did the Court then release Ms. Holmes and Mr. Fiske as counsel for Mr. Jennings and Ms. Hennager, respectively. (Dkt. 161, 176, 200.) Thereafter, on January 12, 2017, Stephen C. Piepgrass of Troutman Sanders LLP, entered an appearance on behalf of Mr. Jennings and Ms. Hennager. (Dkt. 253.)

---

[2] The net proceeds of the sale of the three parcels of realty to the Partnership Account amounted to $10,186,665.89

## II.  Notice of Arbitration Demand

Nearly 18 months after the settlement, and 6 months after the Court's order of July 22, 2016, directing counsel to file statements of fees and costs incurred after settlement, new counsel for the Defendants file a Notice of Arbitration Demand as to the fees of Kathleen Holmes, and later a Motion to Compel Arbitration. (Dkts. 269, 282.)

Based on exhibits submitted to the Court by Louis Jennings in conjunction with his pro se opposition to Ms. Holmes's Charging Lien (Dkt. 251), as well as other pleadings, it is clear that both Ms. Holmes and Mr. Jennings did not anticipate or desire that she would continue to represent him post-settlement.  When it became apparent that she would not be granted leave to withdraw, relations between Ms. Holmes and Mr. Jennings rapidly deteriorated.  Mr. Jennings objected on many occasions to Ms. Holmes' required work at the direction of the Special Master, as well as her required continued representation of him, and the resultant legal fees.  Ms. Holmes filed motions for leave to withdraw as counsel for Mr. Jennings on two different occasions. (Dkts. 72, 97.) Mr. Jennings also filed many letters and pleadings, pro se, some of which objected to further representation by Ms. Holmes and sought her removal as his counsel. (Dkt. 112, 119, 143, 144, 150.) All such requests were denied by this Court.

4

The Court, though sympathetic to counsel's predicament, and after consultation with the Special Master, believed it was necessary that all parties be represented by counsel in order for the Special Master to be able to effectively communicate with the parties and to assist him in his duties.  The Court also strongly felt that it was far more cost effective and efficient for the Special Master to utilize existing counsel, who were intimately familiar with the details of the properties and parties, than to hire additional outside consultants and counsel to assist him, who would have taken extra time and incurred fees in being brought up to speed on the issues. Alternatively, it would have been unmanageable for the Special Master himself to perform all of the tasks involved in carrying out his duties, which would have substantially slowed the progress of disposition of the properties and cost more money in the long run, as the Special Master's hourly billing rate was $575 per hour.

A complicating factor which necessitated the use of existing experienced counsel was that the highest and best use of the property was determined by the Special Master to be a car dealership; however, a sale or lease of the property had to occur within mere months or existing zoning for that use would be lost.  If zoning for a car dealership was lost, the value of the properties would have plummeted, the property would have

been more difficult to market, and the parties would have realized far less profit.  Thus, in order to maximize the amount of money ultimately received by the parties, it was critical that existing counsel be utilized by the Special Master and remain as counsel. The work performed by Ms. Holmes at the direction of this Court and the Special Master, along with that of counsel for the other parties, were necessary to the successful disposition of the partnership property for sums far exceeding that which could have been realized if the property had been sold at auction in a partnership dissolution proceeding or without zoning for a car dealership.

Despite operating under such trying circumstances, Ms. Holmes not only ably assisted the Special Master, but also well represented Mr. Jennings in hearings before the Special Master and this Court.  Ms. Holmes's hourly billing rate of $400 per hour was less than those of the Special Master, and reasonable given her extensive experience with business litigation and her clients in particular, as will be set forth in further detail in a separate forthcoming report and recommendation on attorney's fees.

It must be clearly noted that in almost any other situation, with no pending litigation, counsel would have readily been granted leave to withdraw.  Ms. Holmes was, therefore, duty bound to assist the Special Master, and

6

represent Mr. Jennings at hearings before the Special Master, only because of the orders of this Court and against both her wishes and those of her client. As noted in Mr. Jennings' Motion to Compel Arbitration, Ms. Holmes, "spent much of [her] time assisting the Special Master in carrying out various activities for the partnership, rather than representing Louis Jennings." (Dkt. 283, ¶2.) Thus, the fees charged by Ms. Holmes post-settlement were not incurred pursuant to the retainer agreement with Mr. Jennings, but instead should be considered part of the expenses incurred by the Special Master as essential costs necessary to fulfill the directives of the settlement agreement.

### III. Recommendation

Therefore, the undersigned Magistrate Judge recommends that the attorney's fees and costs billed by Kathleen Holmes after August 16, 2015 be deemed not subject to the representation agreement between Ms. Holmes and Mr. Jennings, and that arbitration be denied.[3]

As to the fees and costs incurred prior to August 17, 2015, there was no objection to those charges by Mr. Jennings until the Notice of Arbitration Demand was filed in February, 2017, a delay of nearly 18 months.  The undersigned therefore suggests that the Court require Mr. Jennings to specifically identify

---

[3] One charge of $200 incurred on August 16, 2015 which was a phone call with clients to review the settlement agreement, should be considered part of her normal representation and subject to the retainer agreement.

7

those fees and costs he disputes which were incurred prior to August 17, 2015, and the reasons therefore, before those charges are referred for arbitration. Lastly, because of the charging lien filed by Ms. Holmes, the undersigned recommends that $174,471.44 be retained by the Court pending resolution of these issues.

## IV. Notice

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

/s/ _____
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

February 8, 2017
Alexandria, Virginia

8