UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KATHERINE R. DAUPHIN,       )
 Plaintiff,              )
                         )
  v.                )   Civil Action No. 1:15cv149
                         )
LOUIS A. JENNINGS, et al.,   )
 Defendants.              )
                         )

## REPORT AND RECOMMENDATION

This matter came before the undersigned Magistrate Judge in conjunction with the Court's order dated July 22, 2016 directing prior counsel for Defendants Louis A. Jennings and Beverly L. Hennager to "submit to the Court a statement of unpaid fees and costs…incurred from August 11, 2015 through the date of [the] Order." (Dkt. 161.)

In response thereto, statements of fees and costs were filed by Kathleen J. L. Holmes, former counsel for Mr. Jennings; David Fiske, former counsel for Ms. Beverly Hennager; and Angela France, also former counsel for Ms. Hennager. (Dkts. 163, 204, 257). Each of the three counsel also filed a Notice of Attorney's Charging Lien. (Dkts. 232, 241, 257.) Thereafter Mr. Jennings and Ms. Hennager, acting pro se, filed oppositions to the attorneys' fees liens of Ms. Holmes and Mr. Fiske. (Dkts. 251, 266.)

On January 18, 2017, the Honorable Liam O' Grady entered an

order directing that the "Defendants shall file any opposition to the presently filed charging liens and fees sought in this matter" within seven days, or by January 25, 2017. (Dkt. 264.) The only objection filed thereafter was the Notice of Arbitration Demand as to the fees of Kathleen Holmes, followed by a Motion to Compel Arbitration, which was addressed in the Report and Recommendation of February 8, 2017. No specific objections to the statements of fees and costs filed by Kathleen Holmes, David Fiske, or Angela France (PCT Law Group) have been filed since that order.

As there has been no objection filed to the Notice of Attorney's Charging Lien filed by Angela France (PCT Law Group) for a balance due of $10,243.00, there is no need for the Court to address the reasonableness of those fees in this Report and Recommendations. That amount, however, should be deducted from the individual proceeds payable to Beverly Hennager as it was incurred for her individual representation through settlement.

## A. Background

This case was removed from the Circuit Court of Fairfax County on February 9, 2015. (Dkt. 1.) Plaintiff Katherine R. Dauphin filed suit against defendants Louis A. Jennings, Jr. and Beverly Hennager seeking dissolution of the Kay Jennings Family Limited Partnership ("JFLP"). The partners of JFLP were unable to make decisions for the partnership which led to the need for

dissolution and the sale or lease of its property to pay for the debts and taxes due.

At a settlement conference on August 10, 2015 the parties entered into a settlement agreement which approved the appointment of a Special Master to perform a number of specifically designated tasks associated with an orderly disposition of the properties, including sale or lease, and to determine amounts that may be due and owing to the partnership by the parties and by its former tenant, Jennings Motor Company. (Dkt. 67) The Court then appointed Paul F. Sheridan as Special Master to perform these duties. Mr. Sheridan was also empowered to employ counsel and consultants as necessary to carry out his duties. The Special Master, with the Court's blessing, utilized counsel for all parties to assist him by performing specifically assigned tasks. In addition, counsel were required to prepare pleadings and present facts and evidence on behalf of their clients at hearings before the Special Master.

### B. Attorneys' Fees Charges Incurred After Settlement

In reviewing the billing statements of Kathleen Holmes and David Fiske, it is apparent that the majority of those fees were incurred as a result of work performed for the Special Master. In fact, the basis for the objections to those fees by the defendants is that the attorneys were performing work for the Special Master rather than their clients. In Louis Jennings'

opposition to the attorney fee lien, he states "Holmes agreed to violate the retainer agreement with her client by working for the Master at her expense."(Dkt. 251 at 4.) Likewise, Beverly Hennager's opposition states "Fiske agreed to violate the retainer agreement with his client by working for the Master at his client's expense." (Dkt. 266 at 8.) This objection was also repeated in the Memorandum in Support of Motion to Compel Arbitration, "[t]he Law Firm continued its involvement in the case, but spent much of its time assisting the Special Master in carrying out various activities for the partnership, rather than representing Louis Jennings." (Dkt. 283 at 1.)

For the same reasons as set forth in the Report and Recommendation dated February 8, 2017, the undersigned recommends that the Court find that all attorneys' fees for work performed at the direction of the Special Master, whether by counsel for defendants Louis Jennings and Beverly Hennager, or by counsel for Katherine Dauphin and Michael Jennings (upon further detailed review of their fees and costs at a later date), be deducted from the gross proceeds of sale of the properties prior to division into shares for each partner and distribution. The fees incurred by each counsel, although somewhat close, necessarily differ in exact dollar amount and it would be unfair for any partner to bear a disproportionate cost when all partners benefited equally from their work.

Smaller charges were also billed for drafting pleadings and preparing for the hearing before the Special Master relating to their clients' claims against other partners, defending claims against their clients, or relating to client's wishes for their attorney's withdrawal.

In reviewing these fees, the undersigned refers to paragraph three of the settlement agreement of August 10, 2015, which provides for the Special Master to perform "an accounting to the Court of any and all monies due to the partnership or paid from partnership assets since 2013, and whether any party must repay funds to the partnership. In addition, the Special Master will determine whether the former tenant is liable for any breach of the lease agreement."

Additionally, paragraph twelve of the settlement agreement provides "[t]he parties agree as part of this settlement to a release of all claims and counterclaims that they have brought or could have brought against each other up to this date related to the partnership, including interested party and his corporation."

In order for the Special Master to perform an accounting, he had to review the disputed distributions made by the partners, and determine whether Jennings Motor Company, Inc., the former tenant, was responsible for breach of the lease agreement. It is clear that the Special Master was aided in such

a determination by the attorneys' preparation of the bases for those claims and defenses. Their preparation of memoranda, presentation of evidence, and involvement in the hearing, made the issues ripe for review and determination by the Special Master. Without their preparation of the issues, the Special Master would necessarily have incurred fees in hiring outside accounting experts to review the books and records of the partnership, or charged more at his higher hourly rate to review them himself. Ultimately, the alternative would have been more costly to the partners.

In addition, since the parties waived all claims and counterclaims related to each other or the partnership as set forth in paragraph twelve of the settlement, the undersigned recommends that the Court find that attorneys' fees related to those claims or defenses and related to the partners' claims against Jennings Motor Company Inc., also be deemed a necessary cost anticipated by the settlement agreement and that those issues be deducted from the gross proceeds of sale prior to division into appropriate shares and distribution to the partners.

The undersigned therefore recommends that the Court direct that counsel for Katherine Dauphin and Michael Jennings submit statements of fees and costs incurred after the date of settlement for work directed by the Special Master, and for

preparation of memorandum and work related to improper
disbursements by the parties. The undersigned would then review
the fees and costs in detail in the same fashion as set forth
below in a future report and recommendation. Since Jennings
Motor Company, Inc. was only a tenant and not a partner, it is
recommended that its fees related to the breach of lease not be
deducted from the gross sale proceeds, but be borne by Jennings
Motor Company, Inc.

### C. Legal Standard of Review

In determining a reasonable attorney's fee, the Court
should "determine the lodestar figure by multiplying the number
of reasonable hours expended times a reasonable rate." McAfee
v. Boczar, 738 F.3d 81, 88 (4th Cir.2013) (quoting Robinson v.
Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir.2009)). In
determining what is reasonable, the Court should apply the
twelve factors enumerated in Johnson v. Georgia Highway Express
Inc., 488 F.2d 714, 717-19 (5th Cir.1974). McAfee, 738 F.3d at
88. Those factors are:

> (1) the time and labor expended;  (2) the novelty and
> difficulty of the questions raised;  (3) the skill required
> to properly perform the legal services rendered;  (4) the
> attorney's opportunity costs in pressing the instant
> litigation;  (5) the customary fee for like work;  (6) the
> attorney's expectations at the outset of the litigation;
> (7) the time limitations imposed by the client or
> circumstances;  (8) the amount in controversy and the
> results obtained;  (9) the experience, reputation, and
> ability of the attorney;  (10) the undesirability of the
> case within the legal community in which the suit arose;

(11) the nature and length of the professional relationship between attorney and client; and (12) attorney's fees awards in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978). Generally, "[t]he Court need not address all twelve . . . factors independently" as they are "subsumed" into the initial evaluation of what constitutes a reasonable rate and number of hours expended. Wells Fargo Bank, Nat. Ass'n v. Walls, No. 1:12-CV-664 LMB/IDD, 2013 WL 869902, 2 (E.D. Va. Mar. 4, 2013), aff'd sub nom. Wells Fargo Bank, N.A. v. Walls, 543 F. App'x 350 (4th Cir. 2013). The undersigned addresses each of these factors below.

## 1. The Time and Labor Expended

For the period from August 17, 2015 through July 22, 2016, Kathleen Holmes charged $118,850.00 in attorneys' fees for approximately 300 hours of work, plus costs of $43.75, for a total billing of $118,893.75.[1] Other than the objection by Mr. Jennings that he did not wish for Ms. Homes to represent him after the settlement conference, nor perform work for the Special Master, there was no specific objection filed by him as to these charges.

---

[1] The statement dated October 8, 2015 contains several entries from August 3, 2015 through August 10, 2015 which pre-date the settlement agreement and are not included in Ms. Holmes filing of August 1, 2016. One charge in the amount of $200 for a phone call with her clients on August 16, 2015 to discuss the settlement agreement would be a natural consequence of the settlement and, thus, deducted from this analysis.

There are no entries of time expended by Ms. Holmes which exceed the time the Court would have expected counsel to spend on those tasks, and those tasks were necessary to the work of the Special Master as set forth above.

As to the fees of David G. Fiske and The Fiske Law Group, there were no specific objections filed as to the time expended by counsel, other than Ms. Hennager's objection to his continued representation of her, his work on behalf of the Special Master, which she contends she did not authorize, and her general dissatisfaction with her perceived shortcomings of work performed by the Special Master and the attorneys.

Since the Court has adopted all findings of the Special Master and, as set forth in the Report and Recommendation of February 8, 2017, efforts of all counsel and the Special Master have resulted in a successful disposition of the property, Ms. Hennager's generalized complaints are without merit. In reviewing the fees charged by the Fiske Law Group, the undersigned finds that all time spent by counsel was necessary to the work of the Special Master and do not exceed time that the Court would reasonably expect to be spent on such matters.

2. <u>The Novelty and Difficulty of the Questions Raised and</u>
3. <u>The Skill Required to Properly Perform the Legal Services</u>
<u>Rendered</u>

The matters involved in the successful disposition of the partnership property were complicated and somewhat unique. There

were claims by the parties against each other for unauthorized expenditures from partnership funds and claims against Jennings Motor Company, Inc. for violations of its lease with the partnership and damage to the property. All of these claims and charges had to be presented to the Special Master through pleadings and at a hearing, as contemplated by the settlement agreement. More importantly, and more time consuming, Ms. Holmes and Mr. Fiske performed tasks for the Special Master to assist in determining fair market value for the properties, research into zoning matters and future development possibilities, and to analyze offers made by third parties for the properties, among other tasks. In addition, as set forth in the prior Report and Recommendation of February 8, 2017, all of these matters were time sensitive. The property would have lost its zoning for use as a car dealership unless a buyer or tenant were obtained within months. Loss of that zoning would have resulted in a devastating decrease in the value of the property. Thus, a successful outcome required the skill of experienced, knowledgeable counsel such as Ms. Holmes and Mr. Fiske.

Kathleen Holmes has over 20 years of experience as an attorney focused on business disputes and management. She has served as lead counsel in jury and non-jury actions in state and federal court and has represented clients in over 100 civil

actions.[2]

David Fiske, lead counsel for Ms. Hennager has practiced law for over 40 years in the area of major commercial litigation and was an Adjunct Professor at George Mason University Law School. He was assisted by Thomas Junker and Kathleen Wynne, who are also experienced litigation counsel.[3]

All of the attorneys representing Mr. Jennings and Ms. Hennager practice regularly before this Court and are well respected members of the Bar. Their expertise significantly contributed to the ability of the Special Master to negotiate successful, highly profitable contracts for the properties.

### 4. The Attorneys Opportunity Costs in Pressing the Instant Litigation

Ms. Holmes and Mr. Fiske, with the assistance of other members of Mr. Fiske's firm, spent substantial effort and time in resolving these matters to the great benefit of their clients, even though Mr. Jennings and Ms. Hennager sought to fire them on many occasions. It is obvious from the pleadings and billing statements that they were required to spend substantial additional time dealing with the conflict posed by their clients demands to withdraw, which they could have spent assisting other clients who appreciated their services.

---

[2] Kathleen Holmes' curriculum vita is attached as Exhibit A to this report and recommendation.
[3] The Fiske attorneys' curriculum vitae are attached as Exhibit B to this report and recommendation.

Moreover, other than their initial retainers paid in 2015, neither Ms. Homes nor Mr. Fiske have been paid any sums by their clients despite their dedication and hard work, to their obvious personal detriment.

### 5. Customary Fee for Like Work

The hourly rates of the attorneys involved are as follows:[4]

| Name | Years of Experience | Hourly Rate | Hours | Total |
|------|--------------------|-------------|-------|-------|
| Kathleen Holmes | Over 20 | $400/hour | 297.1 | $118,893.75 |
| David Fiske | Over 40 | $425/hour | 202.6 | $86,105.00 |
| Thomas C. Junker | Over 39 | $350/hour | 6.3 | $2,205.00 |
| Kathleen Wynne | 15 | $250/hour | 5.6 | $1,400.00 |
| Fiske law clerk | (billing as legal assistant) | $100/hour | 60.7 | $6,070.00 |
| Spencer Rutledge | (billing as paralegal) | $125/hour | 6.0 | $750.00 |
| Jennifer Rosenberg | (billing as paralegal) | $170/hour | 2.0 | $340.00 |
| Richard Williamson | Over 35 | $600/hour | 3.5 | $2,100.00 |

It should be noted at the outset that these hourly rates were all agreed to by Mr. Jennings and Ms. Hennager in their retainer agreements with their counsel. For that reason, the

---

[4] Calculated from August 17, 2015

undersigned believes that they are not subject to dispute, given

Mr. Jennings' and Ms. Hennager's agreement to these rates, and

the fact that they have filed no specific objections to the

bills. Despite that, an analysis of the hourly rates for

attorneys' fees follows.

The undersigned refers to this Court's opinion in <u>Vienna

Metro LLC v. Pulte Home Corp.</u>, Case No. 1:10-cv-502, which

adopted the report of Craig C. Reilly as to customary fees

charged in the Northern Virginia area. That case involved

attorneys with experience in real estate litigation and has been

cited in numerous other cases in this Court to determine

reasonable rates. For an attorney with over twenty years of

experience such as Ms. Holmes, the average hourly rate in 2011

was found by Mr. Reilly to be $725. Thus, Ms. Holmes rate of

$400 per hour is eminently reasonable. Attorneys David Fiske,

Thomas Junker, and Richard Williamson have over 35 years of

experience. Thus, their hourly rates of $425, $350, and $600,

respectively, are also reasonable when compared to the average

hourly rate. For an attorney with fifteen years of experience

such as Kathleen Wynne, the hourly rate was $700, yet her rate

was $250. The hourly rate of a paralegal with one to three years

of experience was $250-$435. Spencer Rutledge and Jennifer

Rosenberg, who are billing as paralegals prior to taking the

Virginia Bar Exam, have reasonable fees of $125 and $170 per

hour, respectively. Finally, the hourly rate of a law clerk is comparable to that of a legal assistant with one year of experience at $165. Thus, the law clerk's hourly fee of $100 is reasonable. All of the hourly rates are well below the average hourly rates previously adopted by this Court.

### 6. The Attorneys Expectations at the Onset of the Litigation

The primary issue for this category of analysis is that counsel undoubtedly never anticipated being put in a position where they would not be granted leave to withdraw, even though their clients did not want their continued representation and, in fact, were hostile to their continued involvement.

### 7. The Time Limitations Imposed by The Clients or Circumstances

As set forth in the Report and Recommendation dated February 8, 2017, the Court determined that it was necessary that all parties be represented by counsel in order for the Special Master to be able to effectively communicate with the parties and to assist him in his duties. Utilizing existing counsel was the most cost effective and efficient option, as counsel was intimately familiar with the details of the properties and the parties. It would have been unmanageable for the Special Master himself to perform all of the tasks involved in carrying out his duties, which would have substantially slowed the progress of disposition of the properties and cost

more money in the long run, as the Special Master's hourly
billing rate was $575 per hour. Utilizing outside consultants
would also have wasted time and costs on bringing them up to
speed on the issues. Since the Special Master determined the
highest and best use of the property was a car dealership, the
sale or lease of the property had to occur within mere months or
existing zoning for that use would be lost. If zoning for a car
dealership was lost, the value of the properties would have
plummeted, the property would have been more difficult to market,
and the parties would have realized far less profit. Thus, in
order to maximize the amount of money ultimately received by the
parties, it was critical that existing counsel remain involved
and be utilized by the Special Master. Despite operating under
such trying circumstances, Ms. Holmes and Mr. Fiske not only
ably assisted the Special Master, but also well represented
their clients in hearings before the Special Master and this
Court.

    8. The Amount in Controversy and the Results Obtained

    This case was brought for dissolution of the Jennings
Family Partnership which owned extremely valuable real estate.
The partners relationship was so antagonistic that no agreements
could be reached as to sale or lease of the properties and thus,
there was insufficient income to pay real property taxes or
other expenses of ownership. Without the settlement agreement,

there is little doubt that the Court would have had no choice
but to grant dissolution, resulting in a sale under extremely
disadvantageous conditions at below market value. As a result of
work by the Special Master and counsel, three lots were sold
recently for $11,250,000.00 and sale of the remaining leasehold
has been proposed for $2,400,000.00. But for the efforts of the
Special Master and counsel, the parties would have received only
a small fraction of this at a forced sale.

9. The Experience, Reputation, and Ability of the Attorney

Kathleen Holmes and David Fiske are highly respected
attorneys in the legal community and by this Court. In addition
to their legal experience and abilities as set forth in section
3, Mr. Fiske is a member of this Court's Civil Justice Reform
Act Advisory Group.  Since 2001, Ms. Holmes has served the Court
on the Merit Selection Panel, which appoints Magistrate Judges.
The other attorneys in Mr. Fiske's firm are also well respected
by members of the bar and this Court.

10.    The Undesirability of the Case Within the Legal
Community in Which the Suit Arose

Mr. Jennings and Ms. Hennager have repeatedly submitted
pleadings and letters to the Court with unjustified and
unfounded complaints about their attorneys and the Special
Master. Many letters and emails to their counsel were vitriolic,
filled with personal insults, and spewing venom. The Court made

clear to Ms. Holmes and Mr. Fiske that they would not be
permitted leave to withdraw unless replacement counsel could be
found. Their inability to find replacement counsel speaks
volumes as to the undesirability of this case in the legal
community.

11.     The Nature and Length of the Professional Relationship
                      Between Attorney and Client

The nature and length of the professional relationship
between the attorneys and their clients is not significant.

12.     Attorney Fees Awards in Similar Cases

It is difficult to compare the attorney fees in this case
to other cases given the unique nature of this case as a
disposition of property rather than litigation. It was only due
to their efforts, and that of other counsel and the Special
Master, that the properties sold for many millions above what
would have been expected from a forced sale. Mr. Jennings and
Ms. Hennager each are entitled to receive 20% from the completed
sale of the properties for $11,250,000.00 and the leasehold sale
proposed for $2,400,000.00, less expenses. Thus, the fees
charged by Ms. Holmes and Mr. Fiske, amounting to approximately
1.6% of the gross proceeds, are quite reasonable.

### D. SUMMARY

For the forgoing reasons the undersigned Magistrate Judge
recommends that the fees and costs charged by Kathleen Holmes

since August 17, 2015, be approved, and that the sum of $118,893.75 be paid to her from the proceeds of sale prior to division into shares and distribution to the partners. As to the sum of $55,577.69 for her fees through August 16 2015, the undersigned recommends that Mr. Jennings be required to state with specificity which charges he contests, given the 18 month delay in seeking arbitration, and his failure to object in detail to any of the fees. The undersigned also recommends that any amount subject to arbitration be held from Mr. Jennings' share by the Court pending resolution of the arbitration.

The undersigned further recommends that the Court approve fees and costs in the sum of $90,159.11 be paid to the Fiske Law Group PLLC, also from the gross proceeds of sale prior to division and distribution.

Lastly, the undersigned recommends payment to PCT Law Group in the amount of $10,243.05, from the funds due to Beverly Hennager, individually, as no objection to the Charging Lien was filed.

The undersigned further recommends that counsel for Ms. Dauphin and Mr. Jennings submit a statement of fees and costs related to their work for the Special Master, as well as their work related to the claims against Ms. Dauphin and the other partners, after August 10, 2015. Similarly, a statement of fees and costs incurred by counsel for Mr. Michael Jennings for work

18

performed by the Special Master should be submitted, but not for work on behalf of Jennings Motor Company Inc., as that entity was not a partner but rather a tenant. Since the efforts of counsel for all parties together resulted in the successful disposition of the properties, they were all performing tasks assigned by the Special Master though perhaps not equal in time, and it was specifically anticipated in the settlement agreement that the claims against the partners and the tenant would be determined by the Special Master, all such time expended after settlement should be considered costs incurred by the Special Master and deducted from the gross proceeds prior to distribution to the parties.

For that reason, it is recommended that sufficient funds be retained for the payment of all fees and costs as set forth above, pending further review by the undersigned.

E. <u>Notice</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

                                        /s/
                              Theresa Carroll Buchanan
                              United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

February 15, 2017
Alexandria, Virginia

20

# Kathleen J.L. Holmes

Holmes Costin & Marcus PLLC
301 N. Fairfax Street, Suite 202, Alexandria, Virginia 22314
kholmes@hcmlawva.com
703-260-6401

## Summary

Trial attorney focused on business disputes and management with over 20 years' experience, licensed in Virginia and the District of Columbia. Has represented clients in over 100 civil actions, and served as lead counsel in jury and non-jury trials in state and federal courts.

## Legal Work Experience

*Founding Partner*, Holmes Costin & Marcus PLLC
July 2010 - present

Co-founder and manager of a Virginia-based law firm that counsels and represents clients in the following areas: fiduciary matters, business law and formation, technology licensing, executive compensation, and adult guardianship. The firm represents clients in civil lawsuits, many involving complex business disputes, in both federal and state courts.

*Partner*, Williams Mullen
February 2006 - July 2010

Had active civil litigation practice serving business and banking clients. Appointed marketing partner for the DC and Northern Virginia offices.

*Partner*, Richards McGettigan Reilly & West
January 2000 - February 2006

Civil litigation practice in state and federal courts in Virginia and the District of Columbia; technology and small business general counseling practice. Served as officer of the firm 2005-2006.

*Associate*, Murphy, McGettigan & West (later, Richards McGettigan Reilly & West)
September 1994- January 2000

> Civil litigation practice in state and federal courts in Virginia and the District of Columbia; technology and small-business general counseling practice.

*Law clerk*, Chambers of the Honorable Leonie M. Brinkema, United States District Judge, United States District Court for The Eastern District of Virginia 1993 - 1994

*Law clerk*, Chambers of the Honorable Leonie M. Brinkema, United States Magistrate Judge, United States District Court for The Eastern District of Virginia, 1993

*Law clerk*, Office of The Administrative Law Judge, U.S. Department of Commerce, 1990-1993

## Other Relevant Work Experience

*Director* (2012-2014) and *Advisor* (2014-Present), DataRPM Corporation.
*Advisory Board member* (2012-2015), Insider Spyder, Inc.
*Charter Member, General Counsel*, Turning Point Suffrage Memorial Association

## Education

George Mason University School of Law, Arlington, Virginia
> J.D., With Honors, 1992

University of Chicago, Chicago, Illinois
> M.S. Social Sciences, 1986 – University Fellow

University of Virginia, Charlottesville, Virginia
> B.A. History, Asian Studies, 1984 – Echols Scholar
> Université De Fribourg, Fribourg Switzerland, 1982-83 (year abroad).

## Court Admissions

Virginia Supreme Court

Court of Appeals for the District of Columbia

United States Court of Appeals for the Fourth Circuit

United States District Court for the Eastern District of Virginia

United States District Court for the Western District of Virginia

United States District Court for the District of Columbia

United States Court of International Trade

## Professional Certifications, Activities, Teaching and Leadership

Qualified Guardian Ad Litem for Adults - Virginia Courts (17th, 18th, 19th and 31st Circuits, 2013-present)

Northern Virginia Chapter of The Federal Bar Association, Director (2014-Present)

Merit Selection Panel, United States District Court for The Eastern District of Virginia, Alexandria Division

Panel Appointments (2001 To Present)

Virginia State Bar – Faculty, Harry L. Carrico Professionalism Course (2014-Present)

Virginia Women Attorneys Association, Member, President (2005-2006); Director (2003-2009).

Northern Virginia Chapter of The Virginia Women Attorneys Association, President (2004), Director (1998-2005).

Guest Lecturer, American University (Various Dates) – Trademarks, Business Formation.

## Community Involvement and Leadership

ACCA – Childhood Development Center, Annandale Virginia, Director (2015-Present)

Leadership Fairfax – Class of 2006

St. Philip Catholic Church, Lector

## Awards and Recognition

"AV" Peer-Review Rating – Martindale Hubbell

Named "Super Lawyer" In Both Virginia And District of Columbia

Named Influential Woman of Virginia, 2010 – Virginia Lawyers Weekly

## Noted Reported Cases

*Donnelly v. Donatelli & Klein, Inc.*, 258 Va. 171 (1999)

*First Va. Banks, Inc. v. BP Exploration & Oil, Inc.* 206 F.3d 404 (4th Cir. 2000)

*U.S. v. Letsinger*, 93 F.3d 140 (4th Cir. 1996)

*Needham v. Legge*, 70 Va. Cir. 337 (Fairfax Cir. Ct., 2006)

*Phoenix Renovation Corp. v. Rodriguez*, 258 Fed. Appx 526 (4th Cir. 2007)

*Bruce v. Bruce*, 2003 Va. Cir. LEXIS 104 (Fairfax Cir. Ct. 2003)

**EXHIBIT B**

<u>David G. Fiske</u>

- Georgetown University Law School, Washington, D.C.
  Juris Doctor, 1969

- Johns Hopkins University, Baltimore, MD
  Bachelor of Arts, 1966

- Maryland Bar – 1969

- Virginia Bar – 1975

- Captain, United States Marine Corps
  1970 – 1973

  <u>Bar Associations and Activities</u>

- Adjunct Professor, George Mason University Law School, on "Pretrial Practice";
  2003 to 2007

- Member, *Civil Justice Reform Act Advisory Group*, U.S. District Court for the
  Eastern District of Virginia

Served three years on the 8th District Committee (Ethics) of Virginia State Bar.  One
year as chairman.  Practiced Eastern District since 1975.  Primary practice area has
been major commercial litigation for more than 40 years.

**THOMAS C. JUNKER, ESQ.**
20432 Island West Square
Ashburn, Virginia  20147
Cell:  (703) 851-3896
Email: tjunker5509@gmail.com

Mr. Junker is a trial and appellate lawyer with over thirty-nine years of experience, primarily in the areas of commercial litigation, insurance defense and banking and financial services litigation.  He has advised and represented companies and individuals with respect to a broad range of disputes, including cases involving breach of contract, fraud, conspiracy, tortious interference, breach of fiduciary duty, trademark and patent infringement, unfair competition, unlawful restraint of trade, U.C.C., lender liability and employment discrimination claims, among others. He also has considerable experience in the defense of product liability, toxic tort, personal injury, property damage, medical and other professional malpractice claims, as well as trial and appellate experience in the local state and federal courts, including the Eastern District of Virginia, the Supreme Court of Virginia and the Fourth Circuit Court of Appeals.

Published appellate decisions in which Mr. Junker authored the briefs or argued before the court include: *Collins v. First Union National Bank*, 272 Va. 744, 636 S.E.2d 442 (2006); *Kondaurov v. Kerdasha*, 271 Va. 646, 629 S.E.2d 181 (2006); *Halifax Corp. v. Wachovia Bank*, 268 Va. 641, 604 S.E.2d 403 (2004); *Halifax Corp. v. First Union National Bank*, 262 Va. 91, 546 S.E.2d 696 (2001); and *National Council of the Churches of Christ v. First Union National Bank*, 153 F.3d 721 (4th Cir. 1998).

**Education**
Cornell Law School, J.D., 1975
Brown University, A.B., 1972, *magna cum laude*, Phi Beta Kappa

**Honors and Awards**
AV rated by Martindale-Hubbell (the highest ranking) since 2000
Listed in Virginia Super Lawyers, 2011-2015
Listed in "Top Attorneys in Virginia," 2012 - 2015
Listed in the 2006-2014 Editions of *The Best Lawyers in America* (Product Liability Litigation)
Selected as a 2013 Top Rated Lawyer in Commercial Litigation and Banking and Finance by Martindale-Hubbell

**Additional Information**
Mr. Junker began his legal career in New York City in 1975 with the law firm of Rogers, Hoge & Hills, and after moving to Virginia he was a partner with Hazel & Thomas, P.C. (1988 - 1999); LeClair Ryan, P.C. (1999 - 2007); and Kaplan, Voekler, Cunningham & Frank, PLC (2008 – Present).  He is admitted to practice before the state courts of Virginia, the District of Columbia, New York and California, as well as numerous federal District Courts and Circuit Courts of Appeal.

**Memberships**
Alexandria Bar Association
Virginia State Bar Client Protection Fund Board (1998-2004)
Washington Golf & Country Club (since 1989, President, 2002)

# KATHLEEN A. WYNNE

1900 S. Eads St. #503
Arlington, VA 22202

(703) 587-2257
kwynne@law.gwu.edu

## EXPERIENCE

**Hudgins Law Firm, P.C.** Alexandria, VA
**Litigation Associate**

May 2006-Sept. 2014

Defense of personal injury, professional liability, products liability, employment discrimination, and workers compensation claims. Extensive client contact and management of own caseload, including evaluation and development of discovery strategy with emphasis on favorable early resolution. Trial experience at administrative, district, and circuit court levels, and federal appellate experience. Achieved favorable outcomes on summary judgment motions in federal court. Responsible for appearing at mediations and hearings, negotiating settlements directly with opposing parties and through third party mediators, researching and drafting legal memoranda and briefs, and all aspects of fact and expert discovery. Contributed to principal treatise in Virginia on tort and personal injury law, *Virginia Practice, Tort and Personal Injury Law.*

**Wright, Robinson, Osthimer, & Tatum,** Washington, DC
**Litigation Associate**

Sept. 2004-May 2006

Products liability defense, insurance coverage and defense, and appellate work in veterans' affairs. Responsible for reviewing complex general commercial liability insurance contracts and drafting coverage opinions.

**Contract Attorney**
*Manatt Phelps & Phillips,* Washington, DC
*Wilmer Cutler Pickering,* Washington, DC

Apr. 2004-Aug. 2004
Mar. 2004-Apr. 2004

Assisted litigation teams in electronic and hard copy document review, including coding, redaction, and second-level review.

*Porter, Wright, Morris & Arthur, LLP*, Washington, DC

Oct. 2002-Mar. 2004

Assisted complex commercial litigation team with telecommunications, securities, and antitrust matters. Served as point of contact and case manager for extensive document review and production in SEC investigation of a major bank. Responsibilities included paralegal supervision, legal research, and creating witness and subject matter files for use at trial.

## EDUCATION

**The George Washington University Law School,** Washington, DC
**Juris Doctor**

May 2002

**Fairfield University,** Fairfield, CT
**Bachelor of Science** in Biology/Visual and Performing Arts
(Concentrations in Molecular Biology and Music History)

May 1999

*Dean's List; Fairfield University Presidential Scholar; Member, Fairfield University Student Honors Association; Member, Alpha Epsilon Delta (National Premedical Honor Society)*

1

**LEGAL INTERNSHIPS**

**Weiner Brodsky Sidman Kider, PC,** Washington, DC
**Summer Associate**                                                    Summer 2001

**United States Attorney's Office,** Civil Division, Washington, DC
**Legal Intern**                                                       Summer 2000

**LICENSURE AND ADMISSIONS**

   Virginia State Bar (2002)
   *Fourth Circuit Court of Appeals (2002)*
   District of Columbia Bar (2004)
   United States Court of Appeals for Veterans Claims (2005)
   United States District Court for the Eastern District of Virginia (2007)
   Member, Alexandria Bar Association

**Jennifer Rosenberg Duhig**                                      **202.281.0177**
3111 Plyers Mill Road, Kensington, MD 20895          jennifer_rosenberg@yahoo.com

## EDUCATION

**THE CATHOLIC UNIVERSITY OF AMERICA, Columbus School of Law**      **Washington, DC**
Juris Doctor                                                                          May, 2001
*CommLaw Conspectus*, Journal of Communications Law and Policy   Editorial Assistant, Staff Member
Moot Court Associate

**CLARK UNIVERSITY**                                                **Worcester, MA**
Bachelor of Arts                                                          May, 1995
Majors: Ancient Civilizations; Art History
Thesis: Genesis of the Doric Order: Generation and Regeneration

## RELEVANT EXPERIENCE

**Superior Court of the District of Columbia,**                      **Washington, DC**
Law Clerk, Chambers of the Honorable Jennifer Anderson       September 2006-August 2007

Acclimated Judge Anderson to a civil practice during her first year on the bench. Assisted in establishing chambers practices and protocols. Reviewed a variety of motions and other pleadings, and made recommendations regarding their disposition; conducted legal research and drafted numerous opinions and orders; attended oral arguments, hearings and trials; assisted judge during trial, including collecting jury instructions, drafting and editing special jury instructions and verdict forms. Interviewed and supervised legal interns.

**Shipman & Goodwin, LLP,**                                         **Stamford, CT**
Associate.                                                        September 2002-June 2004
Summer Associate.                                                    June 2000-August 2000

Practiced general litigation with a concentration in the areas of employment and commercial litigation, as well as employment counseling. Researched a variety of legal issues to advise clients and partners on the status of the law in order to determine strategy for current and potential matters. Drafted complaints, answers, discovery demands and responses, position statements, settlement agreements, severance agreements, and dispositive motions including motions to dismiss and for summary judgment. Fostered relationships with clients and opposing counsel, prepared witnesses for depositions, attended mediations, and engaged in oral argument before state and federal courts. Counseled clients on appropriate proactive and remedial actions to handle a broad spectrum of employment issues. Presented seminars directed towards prevention of sexual harassment in the workplace.

**Superior Court of the District of Columbia,**                      **Washington, DC**
Law Clerk, Chambers of the Honorable Brook Hedge       September 2001-September 2002
Intern, Chambers of the Honorable Brook Hedge              June 1999-December 1999

Assisted Judge in implementing pilot docket, including assisting in all aspects of bench trials. Researched questions of law to draft opinions and advised Judge on legal precedent and current opinion.

## BAR ADMISSIONS

District of Columbia Bar (2014)
Connecticut State Bar (2001)
United States District Court for the District of Connecticut (2003)

Richard F. Williamson

Admitted in Virginia since 1977.  Has over 35 years of experience in sophisticated commercial real estate transactions.  Helped Special Master interview and retain CBRE who ultimately sold the property.  [A more detailed review is unavailable as he is currently in Antarctica and no access to email.]

Spencer Rutberg

Member of California Bar working as paralegal prior to taking Virginia Bar.  (This might be written off as "duplicate time" for example.)

Jennifer Rosenberg

Member of DC Bar billing as paralegal until taking the Virginia Bar.  (This could be considered "duplicate time" as above.)

Law Clerk/Paralegal

Paralegal who was tasked by Special Master to maintain checkbook, write necessary checks, take minutes of some phone conferences with counsel and the Special Master.