IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KATHERINE R. DAUPHIN,<br><br>*Plaintiff*,<br><br>v.<br><br>LOUIS A. JENNINGS AND BEVERLY L. HENNAGER,<br><br>*Defendants*. | Civil Action No. 1:15-cv-149 |

## MEMORANDUM OPINION

This matter comes before the Court on Movant Jennings Motor Company, Inc.'s ("JMC") Motion for Attorney Fees, Dkt. No. 227; Plaintiff Katherine Dauphin's Praecipe in Support of Previously Itemized Claims, Dkt. No. 230; Defendants' Motion for Leave to File Supplemental Memorandum in Opposition to Jennings Motor Company, Inc's Motion for Attorney's Fees, Dkt. No. 271; and Defendant Louis Jennings' Motion for a Hearing. Dkt. No. 388. For the reasons set forth below, the Court DENIES the Motions.

## I. Background

JMC was the lessor of property previously owned by the Kay Jennings Family Limited Partnership ("KJFLP"). The president of JMC is Michael Jennings, a limited partner in KJFLP. Plaintiff is a general and limited partner in KJFLP. Plaintiff filed suit to dissolve KJFLP in December 2014. Dkt. No. 1, Exh. 1. The case was removed to this Court on February 9, 2015. Dkt. No. 1. The parties entered into a settlement agreement in this matter on August 10, 2015. Dkt. No. 133, Exh. 1. As authorized by the settlement agreement, the Court appointed a Special Master to, among other things, "account[] to the Court of any and all monies due to the

partnership or paid from partnership assets since 2013, and whether any party must repay funds to the partnership. In addition, the Special Master will determine whether the former tenant is liable for any breach of the lease agreement." Dkt. No. 133, Exh. 1, ¶ 3. The Special Master accepted briefing by the partners respecting demands for repayment and alleged moneys due to the partnership. To this end, Defendants filed a specification of claims against JMC asserting that JMC breached its lease with KJFLP. Plaintiff also filed a claim alleging that Defendant Louis Jennings misused Partnership funds. The Special Master held a hearing on April 13, 2016 to resolve all of the parties' claims. The Special Master issued a report on May 13, 2016 finding that JMC was not liable for the alleged breaches of the lease and that Louis Jennings owed $62,043.49 to the Partnership. The report was adopted by the Court on July 11, 2016. Dkt. No. 55.

On December 22, 2016, JMC moved for attorney's fees. Dkt. No. 257. Section 18.4 of the Lease provides that "[i]n the event of default by either party, the prevailing party will be entitled to costs, reasonable attorney's fees and interest[.]" *Id.* at 2, ¶ 8. JMC contends that the Special Master's decision regarding the claims against JMC constituted a default against the Defendants, JMC was the substantially prevailing party in the dispute , and therefore it is entitled to its attorney's fees.

On December 23, 2016, Plaintiff filed a Praecipe in Support of Previously Itemized Claims asserting that certain amounts payable by the Partnership should be shifted to the Defendants as individuals. Specifically, Plaintiff demands that: (1) Louis Jennings should be held responsible for the $62,043.49 identified in the Special Master's May 13, 2016 Report; (2) Plaintiff should receive an award of fees incurred in pursuing the claim detailed in the May 13 Report; (3) the entire cost of the appointment of the Special Master should be shifted from

KJFLP to Defendants; (4) the costs of the accounting of Partnership assets should be shifted from KJFLP to Defendants; (5) Defendants should be ordered to pay pre-judgment interest from the date they filed the Complaint until the principal sums are paid. Plaintiff contends that this liability shifting is justified under the terms of the Partnership Agreement. Dkt. No. 260, at 3 (quoting Dkt. No. 184, Exh. 1, First Am. ¶ Second).

On February 15, 2017, Magistrate Judge Theresa Buchanan issued a Report and Recommendation addressing the apportionment of fees for activities undertaken at the behest of the Special Master. Dkt. No. 298. Judge Buchanan recommended "that the Court find that all attorneys' fees for work performed at the direction of the Special Master, whether by counsel for defendants . . . or by counsel for Katherine Dauphin or Michael Jennings . . . be deducted from the gross proceeds of sale of the properties prior to division into shares for each partner and distribution." *Id.* at 4. This recommendation encompassed fees incurred in the hearings before the Special Master. *Id.* at 4-7. Judge Buchanan expressly excluded fees and costs incurred "for work on behalf of Jennings Motor Company Inc., as that entity was not a partner but rather a tenant." *Id.* at 19. The Court adopted Judge Buchanan's findings. Dkt. No. 342.

## II. Discussion

The demands for fees and costs in the Motions before the Court fall squarely within the Court's prior orders, particularly its adoption of Judge Buchanan's February 15 Report and Recommendation.

### A. JMC's Fees and Costs

In the February 15 Report and Recommendation, Judge Buchanan expressly omitted JMC's attorney's fees from the awards attributable to the Partnership assets. *See* Dkt. No. 298 (permitting Michael Jennings to submit a statement of fees "but not for work on behalf of

Jennings Motor Company Inc., as that entity was not a partner but rather a tenant."). The Court adopted that Report and Recommendation. Dkt. No. 342. Pursuant to those decisions, JMC's fees are not payable by KJFLP.

While the Report and Recommendation did not address JMC's argument that fees are warranted pursuant to the lease agreement, that agreement does not support a fee award. As discussed above, § 18.4 of the lease agreement provides that "[i]n the event of default by either party, the prevailing party will be entitled to costs, reasonable attorney's fees and interest[.]" Dkt. No. 257, at 2, ¶ 8. But the proceeding before the Special Master on May 13, 2016, was not an action for default as provided by the lease agreement.

JMC describes Defendant's filings with the Special Master as "complaints" and JMC's response as an "answer" but these terms of art do not transform the Special Master's hearing to account for the partnership assets into an adversarial legal proceeding to establish default. Rather, Judge Buchanan found that the briefings and presentation of evidence to the Special Master were necessary conditions to KJFLP's accounting of money owed to the Partnership. Dkt. No. 298 at 5-6. In this sense, the prevailing party in the Special Master's hearing was KJFLP because it was able to resolve accounting disputes and move closer to generating the highest value for its assets. While JMC was relieved of its duty to pay money back to KJFLP this relief was incidental to the object of the hearings. Accordingly, the attorney fee clause in the lease agreement between JMC and KJFLP is inapplicable to the fees and costs incurred in the hearings before the Special Master. For this reason, JMC's Motion is denied.

B. Plaintiff's Praecipe

Plaintiff's requests for fees and costs are similarly addressed by prior orders of the Court. The Court has already adopted the Special Master's May 13, 2016 Report recommending that

Louis Jennings pay $62,043.49 back to the Partnership. To the extent that Plaintiff seeks this relief; the issue has already been addressed by the Court.

Plaintiff's remaining claims were addressed by Judge Buchanan's February 15 Report and Recommendation. Plaintiff's pursuit of the "derivative claim" against the Defendants was undertaken pursuant to the settlement agreement and culminated in the hearings before the Special Master. As discussed above, all attorney's fees and costs of the general and limited partners incurred pursuant to those hearings were previously found to be expenses of the Partnership to be paid from the Partnership's undistributed assets. For the same reason, the entire cost of the appointment of the Special Master and the costs of the accounting have been incurred pursuant to the settlement agreement and do not give rise to a right to fees and costs under the Partnership Agreement. These costs were not "expenses, obligations, or debts [incurred] or [] representation to any third party that is not authorized in writing by the general partners." Dkt. No. 260, at 2 (quoting Dkt. No. 184, Exh. 1, First Am. ¶ Second). Rather, the expenses of the Special Master, his subsequent hearings, and the accounting were incurred pursuant to the settlement agreement which was authorized in writing by the general partners. Because the only amount entered against any of the Defendants is the $62,043.49 owed by Louis Jennings to the Partnership as determined by the Special Master on May 13, 2016, and that amount will be drawn from his share of the assets of the Partnership, there is no reason to assess pre-judgment interest from the date the Complaint was filed. Accordingly, Plaintiff has set forth no grounds for relief on any of her itemized claims.

### III. Conclusion

For the foregoing reasons, the Court DENIES Movant JMC's Motion for Attorney Fees, Dkt. No. 227, and Plaintiff's Praecipe in Support of Previously Itemized Claims. Dkt. No. 230.

Because the issues were adequately addressed in the earlier briefing, the Court DENIES the Motion for Supplemental Briefing, Dkt. No. 271, and the Motion for a Hearing. Dkt. No. 288.

May 3, 2017
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge