IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KATHERINE R. DAUPHIN,<br><br>*Plaintiff*,<br><br>v.<br><br>LOUIS A. JENNINGS AND BEVERLY L. HENNAGER,<br><br>*Defendants*. | Civil Action No. 1:15-cv-149 |

## MEMORANDUM OPINION

This matter comes before the Court on Interested Party Michael Jennings' Motion to Strike Defendant Beverly Hennager's "Opposition to Attorneys [sic] fees Request", Dkt. No. 347; Plaintiff's Motion to Strike the same filing, Dkt. No. 361; Motion to Withdraw as Attorney for Defendant Beverly Hennager by William Hurd, Stephen C. Piepgrass, and the law firm of Troutman Sanders, LLP, Dkt. No. 359; Motion to Withdraw as Attorney for Defendant Beverly Hennager by Adam Kronfeld and the law firm of Duff Kronfeld & Marquardt, P.C., Dkt. No. 360; and Defendant Beverly Hennager's *pro se* "Motion to Continue Attorneys [sic] Representation Contingent upon Payments from Procceds [sic] of Defendant's Property." Dkt. No. 380.

For the reasons set forth below, counsels' Motions to Withdraw are GRANTED. Dkt. Nos. 359, 360; Defendant Beverly Hennager's Motion to Continue is DENIED, Dkt. No. 380; and Michael Jennings and Plaintiff's Motions to Strike are DENIED. Dkt. No. 347, 361.

## I. Background

On April 3, 2017, Defendant Hennager filed a *pro se* Opposition to a Supplemental Motion for Attorney Fees. Dkt. Nos. 343, 344. Michael Jennings and Plaintiff have filed related motions to strike Defendant Hennager's *pro se* filing because she is presently represented by counsel. Ten days after filing the *pro se* motion, both of Defendant Hennager's present counsel moved to withdraw their representation. *See* Dkt. Nos. 359, 360. Plaintiff has opposed these withdrawals on the grounds that Defendant Hennager has not articulated a reason for the withdrawal and permitting withdrawal will result in delays which will prejudice the other parties in the dispute at a time when few issues remain to be resolved in the case. *See generally* Dkt. No. 370. Defendant Henager filed a further *pro se* motion elucidating the reasons for her present counsels' motions to withdraw and requesting that the Court pay her ongoing legal expenses from her share of the partnership assets. Dkt. No. 380.

## II. Legal Standard

### A. Attorney Withdrawal

"Under Local Rule 83.1(G) for this District, [n]o attorney who has entered an appearance in any civil action shall withdraw such appearance, or have it stricken from the record, except on order of the Court and after reasonable notice to the party on whose behalf said attorney has appeared." *Cline-Thomas v. Keels*, 2014 WL 12603134, at *2 (E.D. Va. July 21, 2014) (quotations omitted). Virginia Rule of Professional Conduct 1.16(b)(4) authorizes a lawyer's withdrawal from representation where "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Virginia Rule of Professional Conduct 1.16(b)(5) further authorizes withdrawal from representation if "the representation will result in

an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client." The Court has wide discretion in ruling on a motion to withdraw. *See Patterson v. Gemini Org.*, Ltd., 2000 WL 1718542, at *2 (4th Cir. Nov. 17, 2000).

### B. Motion to Strike

"Under Rule 11(a) of the Federal Rules of Civil Procedure, this Court is required to strike any unsigned paper, unless the omission of the signature is corrected promptly after being called to the attention of the party." *Turner v. Allmon*, 2008 WL 6862526, at *1 (E.D. Va. July 7, 2008), *aff'd*, 311 F. App'x 606 (4th Cir. 2009).

### III. Discussion

The Court first addresses present counsels' Motions to Withdraw and Defendant Hennager's Motion to Continue Representation. After doing so, the Court addresses the Motions to Strike Defendant Hennager's *pro se* pleadings.

### A. Attorney Withdrawal

Defendant Hennager's present counsel have moved to withdraw their representation. Mr. Hurd, Mr. Piepgrass, and Troutman Sanders, LLP indicate that their reason for moving to withdraw is that "Ms. Hennager has requested that [they] withdraw their representation." Dkt. No. 359, ¶ 4. Mr. Kronfeld and Duff Kronfeld & Marquardt, P.C., indicate that their reason for moving to withdraw is "good cause." Dkt. No. 360, ¶ 4.

Plaintiff opposes the withdrawal of Defendant Hennager's counsel for three reasons. First, Plaintiff contends that neither Defendant Hennager nor her counsel have articulated a legal basis justifying withdrawal. Plaintiff argues that neither the contractual dispute over fees nor Defendant Hennager's unwillingness to cooperate with counsel is sufficient alone to override the duty to continue representation. Second, Plaintiff avers that she has already been prejudiced by

3

Defendant Hennager's repeated change of counsel and will be further prejudiced if another change is allowed. Third, Plaintiff maintains that few issues remain to be decided in the case thus there will be no significant cost to Defendant Hennager or her counsel by remaining in the case.

In her Motion to Continue Representation, Defendant Hennager argues that Mr. Hurd, Mr. Piepgrass, and Troutman Sanders, LLP were expressly retained to "seek payment from the proceeds of sale of properties by the Special Master . . . and oppos[e] two pending sets of claims filed against you[.]" Dkt. No. 380 at 1. The retainer agreement further provided that "[u]pon [Troutman Sanders'] completion of the services for which you have engaged us, our attorney-client relationship will be terminated[.]" *Id.* Defendant Hennager contends that her relationship with this counsel terminated because counsel "were unable to secure the release of the property of Ms. Hennager[.]" *Id.* at 2.

Defendant Hennager also retained Mr. Kronfeld and Duff Kronfeld & Marquardt, P.C., to "pursue the claims for attorneys' fees" and to "investigate the conduct of the attorneys and to determine if there were grounds for a malpractice claim." *Id.*; *see also* Dkt. No. 360, ¶ 1. ("Undersigned counsel was retained to represent Defendant Beverly Hennager solely with respect to third-party claims for attorney fees filed by her prior counsel in this pending litigation."). Defendant Hennager avers that she did not ask this counsel to withdraw. Rather, she contends that Mr. Kronfeld and his firm requested permission to withdraw because they have not been paid by Defendant Hennager. *Id.* In Mr. Kronfeld's Motion to Withdraw as counsel he pleaded good cause but did not specify the reason for withdrawal. Dkt. No. 360, ¶ 4.

While failure to pay fees or cooperate with counsel may, on their own, not constitute adequate grounds to permit an attorney's withdrawal, the Court finds that withdrawal is

4

appropriate in this case. With respect to Mr. Hurd, Mr. Piepgrass, and Troutman Sanders, LLP, the Court has issued rulings on each of the three issues for which counsel was retained. *See* Dkt. No. 379, at 1 (retaining Troutman Sanders, LLP to: "appear in federal district court seeking payment from the proceeds of sale of properties . . . and opposing . . . (a) a motion for attorneys [sic] fees filed by Jennings Motor Company, Inc. (Docket #228[1]) . . . and [] various claims filed by Katherine Dauphin (listed in Docket #230)."); *see also* Dkt. No. 354 ("Order granting in part the Motion for Disbursement of Funds); Dkt. No. 389 (ordering that the Motions at Dkt. Nos. 227, 230 are denied). The retainer agreement provided that Troutman Sanders, LLP's representation expired when those issues were resolved. Accordingly, dismissal of this counsel is appropriate at this time.

Dismissal of Mr. Kronfeld and Duff Kronfeld & Marquardt, P.C., is also appropriate. Defendant Hennager retained this counsel for the limited purpose of pursuing malpractice claims against former counsel. Defendant Hennager avers that the firm has not been paid for these services. Notwithstanding Mr. Kronfeld's desire to withdraw because his legal fees have not been paid, it is unclear how he could continue to serve Defendant Hennager in her present legal pursuits. Defendant Hennager is presently appealing numerous decisions of the Court to the Fourth Circuit Court of Appeals. These appeals extend beyond the attorney fee disputes for which Mr. Kronfeld was originally retained and arise in the Fourth Circuit Court of Appeals where Mr. Kronfeld may not have the requisite admissions. *See* Dkt. No. 382 (appealing the Court's denial of Defendant's Motion to Stay sale of partnership property, the Court's Order distributing funds, and the Court's adoption of two reports and recommendations from Magistrate Judge Buchanan). Therefore, Mr. Kronfeld is not only unpaid but perhaps unable to

---

[1] This appears to be a typographical mistake in the retainer agreement or Defendant's motion. Dkt. No. 228 is a memorandum in support of Jennings Motor Company, Inc.'s Motion for Attorney Fees. Dkt. No. 227.

continue his services. Taken together, these factors constitute good basis for granting the Motion to Withdraw.

Plaintiff's remaining objections do not warrant denial of the motions to withdraw. The Court acknowledges that this matter has been previously delayed when Defendants have retained new counsel. Further, these delays have increased the other parties' legal fees. However, denying the motions to withdraw will not ensure the relief that Plaintiff seeks as this litigation has demonstrated. In addition, Plaintiff's objection on the grounds of prejudicial delay is undercut by her objection on the grounds that few issues remain in the dispute. The parties understandably seek a swift resolution of this nearly two-and-a-half-year case. Creating a new legal controversy, by forcing Defendant Hennager to continue with present representation against her will, does not further that effort.

Citing Plaintiff's concern that Defendant should not go unrepresented, Defendant Hennager offers her "agreement with the Court paying Adam Kronfeld's, attorneys [sic] fees for his past and future bills out of the retained property of Ms. Hennager." *Id.* at 3. However, Defendant Hennager conditions this arrangement "upon the Court recognizing Mr. [sic] Hennager's authority to replace her attorney at any time for any reason and the Court paying all future fees of any attorneys retained by Ms. Hennager, out of Mrs. [sic] Hennager's proceeds retained by the Court, until such proceeds are disbursed." *Id.* The Court finds that Defendant Hennager's "agreement" with the Court to pay Mr. Kronfeld's fees, and any other fees for counsel retained by Defendant Hennager, is unworkable and inappropriate. Defendant Hennager's ability to receive distributions of the partnership proceeds are conditioned on the certainty that the sale which generated those proceeds is not subject to legal challenge. Because Defendant Hennager has declined to comply with the Court's request to drop such challenges,

the Court is not in a position to distribute those proceeds to her. Promising to make open-ended payments to additional attorneys on Defendant Hennager's behalf is just a distribution by any other name. This "agreement" would not achieve the objectives that the Court set forth in agreeing to release funds to the partners.

B. Motions to Strike

Having granted present counsels' motions to withdraw and denied Defendant Hennager's motion to retain counsel through the use of the undistributed partnership assets, the Court addresses the Motions to Strike Defendant Hennager's pleadings.

The motions which Plaintiff and Michael Jennings move to strike were filed *pro se* while Defendant Hennager was represented and they are not signed by counsel. Some circuits have adopted the policy of striking such pleadings. *See, e.g., Harris v. Walls*, 23 Fed. Appx. 540 (7th Cir. 2001) (striking brief filed directly by a represented party because "a litigant represented by counsel is not entitled to proceed on his own behalf"); *United States v. Flowers*, 428 F. App'x 526, 530 (6th Cir. 2011) (same). But in this Court, a Rule 11(a) violation is customarily remedied by refiling the document with a proper signature. *See Butler v. Johnson*, 2007 WL 4376135, at *4 (E.D. Va. Dec. 12, 2007) ("[P]laintiff will be directed to resubmit the complaint and supporting materials that include his original signature."); *see also Turner v. Allmon*, 2008 WL 6862526, at *1 (dismissing a complaint only after plaintiff was informed that the complaint lacked a signature and was resubmitted without signature).

While Defendant Hennager did not obtain signatures from counsel for her filing as required by Rule 11(a), she did sign the document herself. *See* Dkt. No. 346, at 15. In light of the Court's grant of the Motions to Withdraw and in the interests of judicial economy, the Court will accept Defendant Hennager's *pro se* filings rather than require her to re-file. Any such re-

filing would be duplicative of the document presently on file. Accordingly, the Motions to Strike are denied.

### IV. Conclusion

For the foregoing reasons, the Motions to Withdraw as Attorney for Defendant Beverly Hennager by William Hurd, Stephen C. Piepgrass, and the law firm of Troutman Sanders, LLP, Dkt. No. 359, and Adam Kronfeld and the law firm of Duff Kronfeld & Marquardt, P.C., Dkt. No. 360, are GRANTED. Defendant Hennager's "Motion to Continue Attorneys [sic] Representation Contingent upon Payments from Procceds [sic] of Defendant's Property", Dkt. No. 380, is DENIED.

Further, Michael Jennings' Motion to Strike Defendant Beverly Hennager's "Opposition to Attorneys [sic] fees Request", Dkt. No. 347; and Plaintiff's Motion to Strike the same filing, Dkt. No. 361, are DENIED.

May 3, 2017
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge