UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KATHERINE R. DAUPHIN,          )
    Plaintiff,                 )
                               )
          v.                   )  Civil Action No. 1:15cv149
                               )
LOUIS A. JENNINGS, et al.,     )
    Defendants.                )
                               )

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Report and
Recommendation of the undersigned Magistrate Judge dated
February 15, 2017, which the Honorable Liam O' Grady adopted on
March 27, 2017, directing counsel for Ms. Dauphin and Mr.
Jennings to submit a statement of fees and costs related to
their work for the Special Master, as well as their work related
to the claims against Ms. Dauphin and the other partners,
incurred after August 10, 2015. (Dkts. 298, 342.)

In response thereto, statements of fees and costs were
filed by Timothy B. Hyland of Harris, St. Laurent & Chaudhry
LLP, counsel for Mr. Michael Jennings, and by Caitlin Lhommedieu
of Roeder & Cochran PLLC, counsel for plaintiff Katherine
Dauphin ("plaintiff"). (Dkts. 312, 337.) On March 24, 2017, the
undersigned entered an order directing defendants to file any
opposition to the attorney fee requests sought by Michael
Jennings and plaintiff Katherine Dauphin in this matter by April

1

3, 2017. (Dkt. 338.) Thereafter Defendant Beverly Hennager and Louis Jennings, through counsel, filed oppositions to the attorney fee requests of Mr. Hyland and Ms. Lhommedieu. (Dkts. 343, 344.) Ms. Hennager also filed a pro se motion in opposition to the attorney fee requests, although she was represented by counsel. (Dkt. 346.)

## A. Background

The background of this case has been set forth in numerous other orders of this Court. Therefore, the undersigned will focus only on the history relevant to this Report and Recommendation.

On February 13, 2015, Timothy B. Hyland entered an appearance as attorney of record for Michael Jennings. (Dkt. 3.) On April 6, 2015, Caitlin Lhommedieu filed an appearance on behalf of plaintiff. (Dkt. 14.)

On March 27, 2017, the Honorable Liam O'Grady adopted the undersigned's previous Report and Recommendation of February 15, 2017, which found that counsel assisted the Special Master in performing specific tasks related to the potential sale of the properties, and prepared pleadings and presented evidence that assisted the Special Master in determining if the partners and former tenant owned any monies to the partnership.

As the properties progressed toward sale, counsel also necessarily were required to review offers and bids on the

2

properties and present analyses of the positions by the partners
for consideration.

Therefore, for the same reasons set forth in the prior
Report and Recommendation, the undersigned recommends that the
Court find that all attorneys' fees for work performed for the
benefit of the Special Master by counsel for Michael Jennings
and by counsel for plaintiff Katherine Dauphin, less the amount
deducted as set forth below, be deducted from the gross proceeds
of sale of the properties prior to division into shares for each
partner and distribution.

### B. Attorneys' Fees Charges Incurred After Settlement

#### 1. Attorneys' Fees for Michael Jennings

As recommended in the Report and Recommendation of February
15, 2017, since Jennings Motor Company, Inc. was only a tenant
and not a partner, the Court found that its fees related to the
breach of lease should not be deducted from the gross sale
proceeds, but be borne by Jennings Motor Company, Inc. (Dkt. 298
at 7, 19.) Counsel for Michael Jennings appropriately deducted
the fees allocable to Jennings Motor Company, Inc. from the
total billings for Michael Jennings in his Statement of
Attorneys' Fees. (Dkt. 312 at 3.) Then, on April 11, 2017, the
Court ordered Mr. Jennings to submit billing statements which
highlighted the entries attributable to work performed for the
Special Master. (Dkt. 357.) The next day, Mr. Jennings submitted

amended billing statements which removed additional entries not sought by Michael Jennings as work performed for the Special Master. (Dkt. 358.) The total of the fees sought after the revision amounted to $67,696.50. (Id.)

Defendants Louis Jennings and Beverly Hennager, through counsel, object to paying any attorneys' fees for Michael Jennings out of partnership funds and believe the parties should bear their own costs and fees. (Dkt. 344 at 2; Dkt. 343 at 1.)

Beverly Hennager, through counsel, argued that Michael Jennings' interests are "diametrically opposed" to the partnerships and should be borne by him alone. (Dkt. 343 at 13.) Hennager argues Mr. Jennings "lack of good faith remediation efforts" significantly "reduced the pool of potential suitors for the purchase of the leasehold and fee title interests in the property" so that he would be able to purchase the property for a below-market value. (Id. at 12.) Ms. Hennager's pro se opposition largely reflects the same arguments made by her counsel. (Dkt. 346.)

Specifically, Louis Jennings objects to the reimbursement by the partnership to Michael Jennings for work "improperly performed" on the DAMN parcel, zoning, and environmental issues. (Dkt. 344 at 5-6, 8-15.) The defendant claims the partnership should not be required to pay counsel's legal fees incurred doing work for Michael Jennings, Jennings Motor Company, DAMN

4

LLC or any of Michael Jennings' other entities. (Id. at 11.) He also asserts that counsel for Michael Jennings should not be awarded fees for work related to zoning because they did not do the job correctly and misinformed the Special Master. (Id. at 13.) He contends it is "inappropriate to charge the partnership for costs associated with the environmental issues on the property when all of counsel's efforts resulted in precisely nothing." (Id. at 15.)

Upon review of Michael Jennings' expenses incurred post-settlement, the undersigned finds counsel for Michael Jennings spent substantial time and effort assisting and performing tasks for the Special Master which benefitted the partnership. These tasks included providing a source of income for the partnership, and assisting in the sale to Leckner. The Court heard evidence on the zoning and environmental issues and although defendants disagree with the results, counsel's efforts were necessary to effectuate the Settlement Agreement. Further, the undersigned finds Mr. Jennings' revised statement of fees eliminated the entries referring to work on behalf of DAMN LLC which Defendants objected to. The undersigned recommends a finding that Mr. Jennings fees were incurred in furtherance of work for the Special Master and therefore should be deducted from the partnership funds.

5

## 2. Attorneys' Fees for Plaintiff Katherine Dauphin

Plaintiff's Statement of Attorneys' Fees and Costs requested fees for two categories: those incurred in pursuit of plaintiff's derivative claim against Mr. Louis Jennings and those incurred after the August 10, 2015, partial settlement. (Dkt. 337.) However, by the order dated May 3, 2017, the Honorable Liam O'Grady denied plaintiff's request for fee shifting to Mr. Louis Jennings. (Dkt. 390.) Thus, the total amount sought by plaintiff for post settlement fees is $188,805.00 with costs of $3,209.49. (Dkts. 394, 395.)

Defendants Louis Jennings and Beverly Hennager, through counsel, object to paying any attorneys' fees for plaintiff out of partnership funds and believe the parties should bear their own costs and fees. (Dkt. 344 at 2; Dkt. 343 at 1.)

Beverly Hennager, through counsel, argued plaintiff's actions were counterproductive and harmful to the partnership so plaintiff should bear her own attorneys' fees. (Dkt. 343 at 4-10.) Ms. Hennager's pro se opposition largely reflects the same arguments made by her counsel. (Dkt. 346.) Counsel for both defendants assert plaintiff should not be reimbursed by the partnership because plaintiff's interests were adverse, especially with respect to the DAMN parcel. (Dkt. 344 at 8; Dkt. 343 at 4-6.) They cited an October 9, 2016 letter in which plaintiff made an offer to purchase the leasehold interest on

6

the DAMN parcel. (Id.) The undersigned finds that these fees were incurred in furtherance of the disposition of the properties, even though they were not at the specific direction of the Special Master. There were numerous offers made by all of the parties with regard to potential settlement and purchase which could have resolved this matter sooner, thus potentially benefitting the partnership.

Louis Jennings also objected to plaintiff's fees related to litigation in the Fourth Circuit. (Dkt. 344 at 4.) However, the appeals to the Fourth Circuit were filed by defendants Hennager and Jennings. In order for the Special Master to proceed with his duties, the validity of the settlement agreement and decisions of this Court had to be defended. Thus, the undersigned finds the fees were reasonably and necessarily incurred as a partnership expense.

Jennings objects to plaintiff's 2016 motion for summary judgment. (Dkt. 344 at 4.) The undersigned finds that entries based on Plaintiff's Motion to Hold Mr. Louis Jennings in Contempt (Dkt. 178) and Plaintiff's Renewed Motion for Summary Judgment (Dkt. 182) should not be considered work for the Special Master. The Court denied these motions and they should not be deducted from the partnership funds. The undersigned recommends that the fees associated with these motions be

deducted from plaintiff's requested fee amount.[1] The undersigned also finds that two entries of time on July 14, 2016, and July 15, 2016, related to the South Carolina properties are not attributable to this matter.[2]

The undersigned finds the remainder of counsel's fees were incurred as a result of the substantial time and effort counsel spent assisting and performing tasks for the Special Master, and preparing for the hearings before the Special Master and this Court relating to the claims against the partners, all of which were in furtherance of the Settlement Agreement and which benefitted the partnership.

## C. Legal Standard of Review

The undersigned proceeds to evaluate the remaining attorneys' fees for reasonableness. In determining a reasonable attorney's fee, the Court should "determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir.2013) (quoting Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir.2009)). In determining what is reasonable, the Court should apply the twelve factors enumerated in Johnson v. Georgia Highway Express Inc., 488 F.2d 714, 717–19 (5th Cir.1974). McAfee, 738 F.3d at 88. Those factors are:

_____

[1] The undersigned recommends an amount of $15,080.00 to be deducted from plaintiff's total post settlement fees request.
[2] The undersigned recommends an amount of $320.00 to be deducted from plaintiff's total post settlement fees request for these entries.

> (1) the time and labor expended;  (2) the novelty and
> difficulty of the questions raised;  (3) the skill required
> to properly perform the legal services rendered;  (4) the
> attorney's opportunity costs in pressing the instant
> litigation;  (5) the customary fee for like work;  (6) the
> attorney's expectations at the outset of the litigation;
> (7) the time limitations imposed by the client or
> circumstances;  (8) the amount in controversy and the
> results obtained;  (9) the experience, reputation, and
> ability of the attorney;  (10) the undesirability of the
> case within the legal community in which the suit arose;
> (11) the nature and length of the professional relationship
> between attorney and client;  and (12) attorney's fees
> awards in similar cases.

Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 n.28 (4th Cir.

1978). Generally, "[t]he Court need not address all twelve . . .

factors independently" as they are "subsumed" into the initial

evaluation of what constitutes a reasonable rate and number of

hours expended. Wells Fargo Bank, Nat. Ass'n v. Walls, No. 1:12-

CV-664 LMB/IDD, 2013 WL 869902, 2 (E.D. Va. Mar. 4, 2013), aff'd

sub nom. Wells Fargo Bank, N.A. v. Walls, 543 F. App'x 350 (4th

Cir. 2013). The undersigned addresses each of these factors

below.

### 1. The Time and Labor Expended

Counsel exerted substantial time and labor on this matter.

For a period from September 1, 2015, through January 30, 2017,

Harris, St. Laurent & Chaudhry LLP charged $67.696.50 in

attorneys' fees for 161.6 hours of work. (Dkts. 358; 393.) There

are no entries of time expended by counsel for Michael Jennings

which exceed the time the Court would have expected counsel to

spend on those tasks, and those tasks were necessary to the work of the Special Master as set forth above.

As for Roeder & Cochran PLLC, counsel charged $188,805.00 in attorneys' fees for 581.6 hours of work, plus costs of $3,209.49, for a total billing of $192,014.49 for work dating from August 12, 2015, to March 13, 2017. (Dkts. 337, 394, 395.) In reviewing the fees charged by counsel for plaintiff, the undersigned finds that with the exception of the deductions identified in Section B, all other time spent by counsel was necessary to the work of the Special Master, and the time spent does not exceed time that the Court would reasonably expect to be spent on such matters.

### 2. The Novelty and Difficulty of the Questions Raised and 3. The Skill Required to Properly Perform the Legal Services Rendered

The matters involved in the successful disposition of the partnership property were complicated and somewhat unique, involving partnerships, dissolution, real estate leasing and sales. Counsel assisted the Special Master by researching the zoning of the properties, arranging a line of credit and an appraisal for the properties, tracking expenses such as rent, taxes, and insurance, working with the partnership's accountant, working on the environmental issues with the properties, and working with the CBRE brokers towards the disposition of the properties. These matters required experienced and knowledgeable

10

counsel because they were time sensitive and contentious.

Counsel for Michael Jennings and plaintiff were ably qualified for the challenges presented in this case. The lawyers have many years of commercial litigation experience and are regular practitioners before this Court.[3] Timothy Hyland, who has practiced law for over 25 years, is a partner at Harris, St. Laurent and Chaudhry LLP and has handled many difficult civil litigation cases in the Washington D.C. area. He has represented clients in a wide range of commercial disputes. David Deitch, who has practiced law for over 25 years, is a principal partner at Harris, St. Laurent and Chaudhry LLP who specializes in litigation and business disputes and who has extensive trial experience. Elizabeth Dwyer and Tyler Southwick are associates at Harris, St. Laurent and Chaudhry LLP practicing commercial litigation since 2010 and 2016, respectively. Stephen Cochran, managing partner at Roeder & Cochran, PLLC, has 45 years in litigation experience. Caitlin Lhommedieu of Roeder & Cochran, PLLC, has 15 years of experience in complex commercial litigation and has particular experience in this Court from her clerkship with the Honorable T. Rawles Jones, Jr. Counsel's expertise significantly contributed to the ability of the Special Master to negotiate successful, highly profitable contracts for the properties.

---

[3] The curriculum vitae of the attorneys involved in this case are attached as Exhibit A to this Report and Recommendation.

## 4. The Attorneys Opportunity Costs in Pressing the Instant Litigation

Counsel for Michael Jennings and plaintiff spent a substantial amount of time on this case and in doing so were precluded from representing other clients on other matters during that time.

## 5. Customary Fee for Like Work

The hourly rates of the attorneys involved are as follows:

| Name | Years of Experience | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Timothy Hyland | Over 25 | $450/hour | 127.2 | $57,240.00 |
| David Deitch | Over 25 | $550/hour | 5.05 | $2,727.50 |
| S. Cochran | 45 | $400/hour | 220.8 | $88,320.00 |
| C. Lhommedieu | 15 | $300/hour | 309.1 | $92,730.00 |
| Elizabeth Dwyer | Over 5 | $265/hour | 28.6 | $7,579.00 |
| Tyler Southwick | 1 | $200/hour | .75 | $150.00 |
| E. Ramirez | 14 as paralegal | $150/hour | 51.7 | $7,755.00 |

The undersigned refers to this Court's opinion in _Vienna Metro LLC v. Pulte Home Corp._, Case No. 1:10-cv-502, which adopted the report of Craig C. Reilly as to customary fees charged in the Northern Virginia area. That case involved attorneys with experience in real estate litigation and has been cited in numerous other cases in this Court to determine reasonable rates. All of the attorneys involved in the instant

12

case are either at the lower end of the Vienna Metro rates or well below the rates approved in that case. For attorneys with over twenty years of experience such as Timothy Hyland and David Deitch, the average hourly rate in 2011 was found to be $505-$820 per hour. Thus, Mr. Hyland's rate of $450 per hour and Mr. Deitch's rate of $550 per hour are reasonable. Attorney Stephen Cochran has forty-five years of experience. Thus, his hourly rate of $400 per hour is eminently reasonable when compared to the average hourly rate. For an attorney with fifteen years of experience such as Caitlin Lhommedieu, the hourly rate was $520-$770, yet her rate was $300. The hourly rate of a paralegal with fourteen years of experience was $130-350. Thus, a paralegal with an hourly fee of $150 is reasonable.

6. The Attorneys Expectations at the Onset of the Litigation

Counsel undoubtedly never anticipated the long, contentious course of this litigation or the substantial amount of time the matter would take to be resolved.

7. The Time Limitations Imposed by The Clients or Circumstances

The Court previously found it was necessary that all parties be represented by counsel in order for the Special Master to effectively communicate with the parties and to assist him in his duties. Utilizing existing counsel was the most cost effective and efficient option. Further, resolution of the

13

matter was time sensitive as the partnership's property was at risk of diminishing in value. The Court concluded that the circumstances of this case required the assistance of counsel for the parties to act expeditiously due to the market interest in the property and the circumstances and the risk that the zoning for auto-related uses could expire. (Dkt. 341 at 19.)

### 8. The Amount in Controversy and the Results Obtained

This case was brought for dissolution of the Jennings Family Partnership which owned extremely valuable real estate. The partners' relationship was so antagonistic that no agreements could be reached as to sale or lease of the properties and thus, there was insufficient income to pay real property taxes or other expenses of ownership. As a result of the work of the Special Master and counsel, three lots were sold for $11,250,000.00 and sale of the remaining leasehold was sold for $2,400,000.00. As the Court noted in its Memorandum Opinion of March 27, 2017, these sales maximized the value and were favorable outcomes. (Dkt. 341 at 21.) But for the efforts of the Special Master and counsel, the parties would have received a less favorable result at a forced sale.

### 9. The Experience, Reputation, and Ability of the Attorney

The attorneys of Harris, St. Laurent & Chaudhry LLP and Roeder & Cochran PLLC are highly respected by the legal community and by this Court. They have extensive experience in practice before

this and other courts, and their demonstrated ability was of great assistance to the Special Master and the Court.

10. The Undesirability of the Case Within the Legal Community in Which the Suit Arose

The undesirability of this case is evidenced by its contentious and prolonged nature. The defendants have repeatedly submitted unjustified and unfounded motions and complaints about all of the attorneys, the Special Master, and the Court through pro se filings.

11. The Nature and Length of the Professional Relationship Between Attorney and Client

The nature and length of the professional relationship between the attorneys and their clients is not significant.

12. Attorney Fees Awards in Similar Cases

It is difficult to compare the attorney fees in this case to other cases given the unique nature of this case as a disposition of property rather than litigation. It was only due to their efforts, and that of other counsel and the Special Master, that the properties sold for many millions above what would have been expected from a forced sale. Mr. Jennings and Ms. Dauphin each are entitled to receive 40% and 20%, respectively, from the completed sale of the properties for $11,250,000.00 and the leasehold sale proposed for $2,400,000.00, less expenses. Thus, the fees charged by counsel for Michael Jennings and Plaintiff, amounting to approximately

15

1.8% of the gross proceeds, are quite reasonable.

### D. SUMMARY

For the foregoing reasons the undersigned Magistrate Judge recommends that the fees charged by Harris, St. Laurent & Chaudhry LLP since September 1, 2015, be approved, and that the sum of $67,696.50 be paid from the proceeds of sale prior to division into shares and distribution to the partners.

The undersigned further recommends that the Court approve fees and costs in the sum of $176,614.49 be paid to Roeder & Cochran PLLC, also from the gross proceeds of sale prior to division and distribution.

For that reason, it is recommended that sufficient funds be retained for the payment of all fees and costs as set forth above, pending further review by the Court.

E. <u>Notice</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

May 5, 2017
Alexandria, Virginia

# EXHIBIT A

NEWS+ (http://sc-harris.com/news)
*New Name. New Digs. Harris, St. Laurent & Chaudhry LLP
has Moved its New York Office to 40 Wall Street!
(http://sc-harris.com/news)*

WHY US (HTTP://SC-HARRIS.COM/WHY-US/)      ATTORNEYS      PRACTICE AREAS (HTTP://SC-
HARRIS.COM/PRACTICE-AREAS/)      RESULTS (HTTP://SC-HARRIS.COM/RESULTS/)      AWARDS (HTTP://SC-
HARRIS.COM/AWARDS/)      NEWS + (HTTP://SC-HARRIS.COM/NEWS/)      OFFICES

# ATTORNEYS

## TIMOTHY HYLAND

PARTNER  |  703-956-3542  |  thyland@sc-harris.com (mailto:thyland@sc-
harris.com)

Tim Hyland is a partner in the firm's Northern Virginia office. He is well-
known as one of the "go-to" counsel for difficult civil litigation and appeals
in Virginia, Maryland, and the District of Columbia.

Mr. Hyland has successfully represented clients in a range of commercial
disputes, including domain name, trademark, shareholder disputes,
common law and securities fraud, employment, and contractual matters;
and in handling cases in federal and state appellate courts. Mr. Hyland
also serves as corporate counsel to a number of public and private
companies, and private schools.

Having represented some of the largest domain name registries and
registrars in the world for more than 20 years, Mr. Hyland has secured
numerous state and federal trial and appellate victories in the domain
name field, many of which were cases of first impression. In addition, Mr.
Hyland has won groundbreaking appellate victories in cases ranging from
First Amendment rights, to escrow agreement interpretation, to the law
of de facto mergers.  Representative victories include:

- Successfully represented a major domain name registrar in the
  seminal appellate case involving whether a domain name is a
  property right, *Network Solutions, Inc. v. Umbro Int'l, Inc.*, 259 Va.
  759, 529 S.E.2d 80 (2000);
- Represented a major internet services company in securing prompt
  dismissals of consumer litigation in California, Florida, Alabama,
  Texas, Virginia, Maryland, and other states;
- Represented the nation's largest medical group and others as
  *amicus curiae* counsel in the United States Supreme Court, in a case
  involving immunity for Public Health Service personnel, with the
  case resulting in a 9-0 victory; and
- Obtained summary dismissal of a defamation case against an
  Arizona resident, in the United States District Court for the District



**Education**

- University of Richmond, BA
- University of Richmond School of Law, JD

**vCard**

- Download vCard
  (http://harrisobrien.com/vcard/vcard.php?
  file=TimothyHyland.vcf)

Mr. Hyland is rated "AV" by Martindale-Hubbell, its highest rating available to a lawyer.

Prior to joining the firm, Mr. Hyland practiced at several firms in Virginia, Maryland and the District of Columbia. He graduated from the University of Richmond in 1988, and from the University of Richmond School of Law in 1990. He serves on the Board of Directors of the University of Richmond Law School Association.

Mr. Hyland is admitted to practice in Virginia, Maryland, New York, the District of Columbia, and West Virginia. He is admitted in the United States District Court for the Southern District of New York, the Eastern District of Virginia, the District of Maryland, the District of Columbia, the Northern District of Illinois, the United States Bankruptcy Courts for the Eastern District of Virginia and the District of Maryland, the United States Courts of Appeals for the Fourth, Sixth, Ninth, and Tenth Circuits, as well as the United States Supreme Court.

**NEW YORK**
Harris, St. Laurent & Chaudhry LLP
40 Wall Street
53rd Floor
New York, NY 10005
212-397-3370

**NORTHERN VIRGINIA**
Harris, St. Laurent & Chaudhry LLP
1818 Library Street
Suite 500
Reston, VA 20190
703-956-3566

© Harris, St. Laurent & Chaudhry LLP  |  Attorney Advertising (http://sc-harris.com/attorney-advertising/)  |  Disclaimer (http://sc-harris.com/disclaimer/)

NEWS+ (http://sc-harris.com/news)
*New Name. New Digs. Harris, St. Laurent & Chaudhry LLP
has Moved its New York Office to 40 Wall Street!*
*(http://sc-harris.com/news)*

WHY US (HTTP://SC-HARRIS.COM/WHY-US/)          ATTORNEYS          PRACTICE AREAS (HTTP://SC-
HARRIS.COM/PRACTICE-AREAS/)          RESULTS (HTTP://SC-HARRIS.COM/RESULTS/)          AWARDS (HTTP://SC-
HARRIS.COM/AWARDS/)          NEWS + (HTTP://SC-HARRIS.COM/NEWS/)          OFFICES

# ATTORNEYS

## DAVID DEITCH

PARTNER | 703-956-3549 | ddeitch@sc-harris.com (mailto:ddeitch@sc-harris.com)



David Deitch is the principal partner in the firm's Northern Virginia office. He is a renowned trial attorney who has tried more than 100 jury trials to verdict in federal and state courts around the nation with an overwhelming record of success.

Mr. Deitch specializes in litigation where the skills of trial counsel are at a premium, defending individuals and companies in criminal and regulatory matters and representing both plaintiffs and defendants in business disputes. His clients have included financial service firms, defense contractors, media companies, private individuals and entrepreneurs.

Mr. Deitch was an Assistant United States' Attorney for the District of Columbia (1999-2003), and then served in the Counterterrorism Section in the National Security Division of the U.S. Department of Justice (2003-2007). In that position, he was the Regional Anti-Terrorism Advisory Council Coordinator for the Western Region, responsible for coordinating counterterrorism investigations and prosecutions for 17 US Attorney's Offices. Mr. Deitch was lead counsel on two of the Department of Justice's most prominent counterterrorism trials and was the Department's Domestic Terrorism Coordinator responsible for nationwide coordination of domestic terrorism investigations and prosecutions. In 2004, he was awarded the Assistant Attorney General's Award for Advancing National Security.

Prior to joining the Department of Justice, Mr. Deitch served as a prosecutor in Robert Morgenthau's Manhattan District Attorney's Office (1992-1995), and in the Office of Independent Counsel (1998-1999). He graduated from Brown University, with honors, in 1985, and received his law degree from New York University in 1988.

Mr. Deitch's recent trial victories and significant representations include:

### Education

- Brown University, BA
- New York University, JD

### vCard

- Download vCard (http://harrisobrien.com/vcard/vcard.php?file=DavidDeitch.vcf)

- The complete dismissal of export control charges brought by the US Attorney's Office in Washington, DC against a South Korean exporter, including a landmark ruling on the seizure of a laptop at customs;

- Successful defense of an international consulting firm suspected of violating the Foreign Corrupt Practices Act in connection with a contract in Dubai; the representation concluded with no charges being filed against the consulting firm;

- Defense of a former employee of the Blackwater consulting firm for alleged export control violations arising out of training provided to foreign soldiers deployed in Iraq; the representation concluded with no charges being filed against the client;

- Dismissal of civil allegations against a media company sued in federal court in New York for allegedly violating the terms of a note and security agreement; the dismissal included an award of attorneys' fees for the client;

- Successful representation of a client indicted in New York state court with enterprise corruption, a class B felony; the case was resolved with a plea to a class B misdemeanor – the lowest level criminal offense in the New York state code;

- Trial victory over the SEC in the defense of a prominent financial broker in which the jury in federal court in New York found in favor of the client on all fraud charges;

- Winning a $20 million jury award for the Learning Annex in federal court in New York, and then, after a new trial was awarded on damages, winning a larger verdict of $21.8 million on re-trial against one of New York's most prominent defense firms; and

- Prevailed in a sentencing hearing in federal court in Alexandria, Virginia, in which prosecutors sought to prove the client participated in a massive tax conspiracy; the court found there was no such evidence to support the government's position and sentenced the defendant to probation, describing him as "a treasure."

Mr. Deitch is admitted to practice in the District of Columbia, New York, Virginia and Massachusetts. He is admitted and has tried cases or represented clients in the United States District Courts in the Eastern and Western Districts of Virginia, the Southern, Eastern, Northern and Western Districts of New York, the District of Maryland, the Northern District of Florida and the District of Columbia, the United States Court of Federal Claims, the United States Bankruptcy Court for the District of Maryland, the United States Court of Appeals for the First, Second, Fourth, Eleventh and District of Columbia Circuits, as well as the United States Supreme Court.

| NEW YORK | NORTHERN VIRGINIA |
|---|---|
| Harris, St. Laurent & Chaudhry LLP | Harris, St. Laurent & Chaudhry LLP |
| 40 Wall Street | 1818 Library Street |
| 53rd Floor | Suite 500 |
| New York, NY 10005 | Reston, VA 20190 |
| 212-397-3370 | 703-956-3566 |

© Harris, St. Laurent & Chaudhry LLP  |  Attorney Advertising (http://sc-harris.com/attorney-advertising/)  |  Disclaimer (http://sc-harris.com/disclaimer/)

# ATTORNEYS

## ELIZABETH DWYER

ASSOCIATE | 703-956-3567 | edwyer@sc-harris.com (mailto:edwyer@sc-harris.com)

Elizabeth Dwyer focuses her practice on commercial litigation. She has represented businesses and individuals in a wide variety of disputes relating to the internet and technology, government contracts, commercial real estate, and private schools. Prior to joining Harris, St. Laurent and Chaudhry, Ms. Dwyer practiced at Hyland Law PLLC, a litigation boutique, where she regularly appeared as counsel in state and federal courts. Ms. Dwyer also practiced complex matrimonial litigation.

Ms. Dwyer graduated *cum laude* from the Franciscan University of Steubenville in 2007, and in 2010 received her JD from the Ave Maria School of Law.

Ms. Dwyer is admitted to practice in Virginia, Maryland, and Washington DC. She is admitted to the United States District Court for the Eastern District of Virginia, the District of Maryland, and the United States Supreme Court.



**Education**

- Franciscan University of Steubenville, BS, cum laude
- Ave Maria School of Law, JD

**vCard**

- Download vCard (http://harrisobrien.com/vcard/vcard.php?file=ElizabethDwyer.vcf)

**NEW YORK**
Harris, St. Laurent & Chaudhry LLP
40 Wall Street
53rd Floor
New York, NY 10005
212-397-3370

**NORTHERN VIRGINIA**
Harris, St. Laurent & Chaudhry LLP
1818 Library Street
Suite 500
Reston, VA 20190
703-956-3566

© Harris, St. Laurent & Chaudhry LLP   |   Attorney Advertising (http://sc-harris.com/attorney-advertising/)   |   Disclaimer (http://sc-harris.com/disclaimer/)

**NEWS+ (http://sc-harris.com/news)**
*New Name. New Digs. Harris, St. Laurent & Chaudhry LLP*
*has Moved its New York Office to 40 Wall Street!*
*(http://sc-harris.com/news)*

WHY US (HTTP://SC-HARRIS.COM/WHY-US/)          ATTORNEYS          PRACTICE AREAS (HTTP://SC-
HARRIS.COM/PRACTICE-AREAS/)          RESULTS (HTTP://SC-HARRIS.COM/RESULTS/)          AWARDS (HTTP://SC-
HARRIS.COM/AWARDS/)          NEWS + (HTTP://SC-HARRIS.COM/NEWS/)          OFFICES

# ATTORNEYS

## TYLER SOUTHWICK

ASSOCIATE  |  703-956-3548  |  tsouthwick@sc-harris.com
(mailto:tsouthwick@sc-harris.com)



Tyler Southwick is an Associate at Harris, St. Laurent & Chaudhry. She represents clients in a range of commercial disputes including domain name, trademark, shareholder disputes, and contractual matters.

Before becoming a lawyer and joining the firm, Ms. Southwick held senior non-legal positions in a number of international locations. Most notable was the period she spent managing Department of Defense programs in the Middle East where she assisted US Military and NATO forces by providing logistical and operational support. Ms. Southwick's experience and judgment from her prior career prepared her well for handling high-stakes, sensitive matters for firm clients.

Ms. Southwick received her Juris Doctor from George Mason University School of Law in 2016.  While in law school, Ms. Southwick interned for the appellate criminal defense division of the US Army JAG Corps. She was an active member of the Pro Bono Society providing legal assistance in numerous civil disputes. Ms. Southwick earned a Bachelor of Arts degree in Business Administration from the American Military University, from which she graduated with honors.

Born in the United Kingdom and raised in Kenya, Ms. Southwick offers a unique perspective to her clients.

Ms. Southwick is admitted to practice in Virginia.

**Education**

- George Mason University School of Law, JD 2016

| NEW YORK | NORTHERN VIRGINIA |
|---|---|
| Harris, St. Laurent & Chaudhry LLP | Harris, St. Laurent & Chaudhry LLP |
| 40 Wall Street | 1818 Library Street |
| 53rd Floor | Suite 500 |
| New York, NY 10005 | Reston, VA 20190 |
| 212-397-3370 | 703-956-3566 |

© Harris, St. Laurent & Chaudhry LLP   |   Attorney Advertising (http://sc-harris.com/attorney-advertising/)   |   Disclaimer (http://sc-harris.com/disclaimer/)

≡ MENU

📍 CONTACT



# Roeder & Cochran, PLLC
## ATTORNEYS AT LAW



📱 571-335-7320

Search Our Site      🔍

## Stephen G. Cochran

≡ VIEW OUR PRACTICE AREAS



Managing Partner

| | |
|---|---|
| **Location:** | McLean, Virginia |
| **Phone:** | 571-335-7320 |
| **Fax:** | 703-749-6027 |
| **Email:** | Email Me |

After over 44 years and over 300 trials, Steve Cochran has gained experience that few civil trial attorneys can match. That experience has given Steve the ability to manage even the most complicated case in a goal-focused and cost-effective manner.

The breadth of Steve's litigation befits Steve's years of experience. He has handled disputes involving business torts, trade secrets, real estate, partnerships and estates. Steve is equally comfortable in federal and state courts and presenting cases to judges and juries, having handled numerous hearings before each type of tribunal. Steve also has substantial experience with arbitration including matters before the American Arbitration Association and the securities regulator, FINRA.

Over the years, Steve has frequently shared his knowledge with other members of the Virginia Bar. He has spoken frequently on litigation management and trial strategy on behalf of both the Fairfax Bar and the Virginia Trial Lawyers Association. He has lectured on trial tactics, discovery in the computer age, and conversion of corporate opportunities, among other topics. He has been a member of the National Institute of Trial Advocacy at Georgetown Law School for many years and taught the NITA course in-house while with Womble, Carlyle. Steve has served as the chairperson of the Fairfax Bar Association Civil Litigation Section as well as the Virginia Trial Lawyers Association's Business Litigation Section. He serves as a Neutral Case Evaluator and Mediator in Fairfax County Circuit Court.

Steve received his J.D. from American University's Washington College of Law and his B.A. from the college of William and Mary. Steve and his wife, Ruth, live in McLean, Virginia where they have been active in the local community.

## Areas of Practice

60% Business Litigation

10% Estate & Probate

10% Personal Injury

10% Securities Arbitration

10% Domestic Relations

## Litigation Percentage

100% of Practice Devoted to Litigation

## Bar Admissions

Virginia, 1972

U.S. District Court Eastern District of Virginia

U.S. Supreme Court

U.S. Tax Court

## Education

### American University, Washington College of Law, Washington, District of Columbia
J.D. – 1972

### College of William and Mary
B.A. – 1969

## Published Works

"Documentation and Collection of Counsel Fees", Virginia Trial Lawyers Association Journal, April, 1997

"Trial Tactics Use of Trial Notebook; The Law of Evidence; Documentation and Collection of Counsel Fees", Virginia Trial Lawyers and Fairfax Bar Associations

## Representative Clients

Raymond James Financial Services

## Classes/Seminars

Faculty Member, National Institute of Trial Advocacy

"Discovery in the Computer Age", Virginia Trial Lawyers Association Convention, 1999

Conversion of Corporate Opportunities, Virginia Trial Lawyers Association, 1999

## Honors and Awards

Virginia SuperLawyers

AV Rated with Peer Review

## Professional Associations and Memberships

Fairfax County Bar Association, Civil Litigation Section, Chair

Fairfax County Bar Association, Chair, Law Day Committee, 1979 – 1981

Fairfax County Bar Association, Commercial Litigation Section, Chair

Virginia Trial Lawyers Association, Member

Association of Trial Lawyers of America, Member

Fairfax Circuit Court, Court-appointed Neutral Case Evaluator

## Past Employment Positions

The Jefferson Law Firm, PLC, McLean, VA, Partner, 1996 – 2001

Cochran & Rathburn, Partner, 1990 – 1996

Case 1:15-cv-00149-LO-TCB  Document 337-7  Filed 03/14/17  Page 4 of 13 PageID# 8254

Cochran & Pijor, Partner, 1983 – 1990

Clary & Pijor, Partner, 1978 – 1983

Bennett, Dorman & Cochran, Partner, 1973 – 1978

## Fraternities/Sororities

Kappa Alpha

✉ EMAIL US FOR A RESPONSE



Roeder & Cochran, PLLC
ATTORNEYS AT LAW

8280 Greensboro Dr. Suite 601
McLean, VA 22102
571-335-7320  703-749-6027

Map & Directions

© 2017 by Roeder & Cochran, PLLC Attorneys At Law. All rights reserved. **Disclaimer** | Site Map   Privacy Policy | Business
Development Solutions by FindLaw, a Thomson Reuters business.

Back To Top

≡ MENU             ♥ CONTACT



## Roeder & Cochran, PLLC
### ATTORNEYS AT LAW



📱 571-335-7320

Search Our Site           🔍

# Caitlin K. Lhommedieu

≡ VIEW OUR PRACTICE AREAS



Of Counsel

**Location:**     McLean, Virginia

**Phone:**       571-335-7320

**Fax:**         703-749-6027

**Email:**      ˙ Email Me

Ms. Lhommedieu has significant experience in complex commercial litigation, including all phases of pre-trial and discovery practice, fact and expert discovery, electronic discovery, and motions for summary judgment. She has gone to trial in cases concerning: patent infringement, government contracts, and commercial lease disputes. Additionally, Ms. Lhommedieu has handled a number of appeals to the Court of Appeals of Virginia.

Caitlin is also a registered patent attorney with a depth of experience in client counseling regarding intellectual property and patent prosecution. Her prosecution and counseling know-how includes preparation and prosecution, including provisional and non-provisional applications, amendments, reexaminations, reissues, and preparation of invalidity and non-infringement opinions, as well as license agreements.

She had the pleasure of serving as Law Clerk to the Hon. T. Rawles Jones, Jr., Eastern District of Virginia, Alexandria, Virginia, 2001-02.

Ms. Lhommedieu is author of "The Defense of Inequitable Conduct in 2006: A Review of Inequitable Conduct Cases and a Preview of Proposed Changes," Journal of Generic Medicines, Vol. 3, No. 4, pp. 320-327 (July 2006).

Caitlin earned her undergraduate degree in Physics from John Hopkins University in 1989. She earned her law degree from George Mason University School of Law in 2001.

Ms. Lhommedieu is a Founding Member and Master of the Bench of the Pauline A. Newman Inn of Court. She previously served as President of the Northern Virginia Chapter of the Federal Bar Association.

Ms. Lhommedieu is admitted to practice in Virginia.

## Areas of Practice

100% Commercial Litigation

Banking and Finance

Commercial Litigation, Arbitration and Mediation

Commercial Real Estate and Leasing

Employment Litigation

Family Law

## Litigation Percentage

100% of Practice Devoted to Litigation

## Bar Admissions

Virginia, 2002

U.S. Patent and Trademark Office, 2006

U.S. District Court Eastern District of Virginia, 2002

U.S. Court of Appeals 4th Circuit, 2002

Case 1:15-cv-00149-LO-TCB   Document 337-7   Filed 03/14/17   Page 11 of 13 PageID# 8261

## Education

### George Mason University School of Law, Arlington, Virginia

J.D. – 2001

Honors: Moot Court Board

Honors: Writing Fellow

Honors: Best Oral Arguments and Best Appellee's Brief

Law Journal: Federal Circuit Bar Journal

### Johns Hopkins University, Baltimore, Maryland

B.A. – 1989

Major: Physics

## Professional Associations and Memberships

Northern Virginia Chapter of the Federal Bar Association, Past President

Pauline Newman IP Am. Inn of Court, Founding member and Master of the Bench

## Past Employment Positions

Greenblum and Bernstein, Reston, Virginia, Litigation Associate, 2002 – 2006

Hon. T. Rawles Jones, Jr., Eastern District of Virginia, Alexandria, Virginia, Law Clerk, 2001 – 2002



✉ EMAIL US FOR A RESPONSE

R&C  Roeder & Cochran, PLLC
ATTORNEYS AT LAW

8280 Greensboro Dr. Suite 601
McLean, VA 22102
P: 571-335-7320   F: 703-749-6027

Map & Directions

© 2017 by Roeder & Cochran, PLLC Attorneys At Law. All rights reserved. Disclaimer | Site Map   Privacy Policy | Business Development Solutions by FindLaw, a Thomson Reuters business.

Back To Top