IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| KATHERINE R. DAUPHIN, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> LOUIS A. JENNINGS AND BEVERLY L. ) <br> HENNAGER, ) <br> ) <br> *Defendants.* ) | Civil Action No. 1:15-cv-149 <br> Hon. Liam O'Grady <br> Hon. Theresa Buchanan |

## MEMORANDUM OPINION

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Buchanan dated May 5, 2017 (the "May 5 Report"). (Dkt. No. 396). Defendant Louis Jennings, by and through counsel, filed an objection to the Report. Defendant Beverly Hennager filed an objection to the report *pro se*.

Based on a review of the Report, the objections and responses therewith, and the supporting exhibits, the Court **ADOPTS** the findings and recommendations of Magistrate Judge Buchanan. Further, Interested Party Michael Jennings' Supplemental Motion for Attorney's Fees (Dkt. No. 312) is **GRANTED IN PART**. The Special Master is instructed to pay $67,696.50 to Harris, St. Laurent & Chaudhry LLP and $176,614.49 to Roeder & Cochran PLLC from the undistributed share of the assets of the Kay Jennings Family Limited Partnership.

### I. Background

The history of this case has been thoroughly documented in prior orders. *See, e.g.*, Dkt. Nos. 341, 389. Accordingly, the Court focuses this factual recitation on the events germane to the May 5 Report.

This dispute arises out of Plaintiff's legal action to dissolve the Kay Jennings Family Limited Partnership of which she is a general and limited partner. The other parties named in this action are general and limited partners of the partnership and relatives of Plaintiff. The Interested Party, Michael Jennings, is also a member of the family and a limited partner of the partnership. The parties entered into a settlement agreement on August 10, 2015, whereby a special master, the Honorable Paul Sheridan, was appointed to administer the settlement agreement. Pursuant to that authority, Judge Sheridan conducted proceedings to resolve ongoing disputes between the partners and retained partners' counsel to identify the maximum value of the property. These efforts resulted in the sale of property held by the partnership. The Court subsequently found that counsels' efforts on behalf of Judge Sheridan were for the benefit of the entire partnership and should be paid from the partnership's undistributed proceeds of the sales.

In an order issued on March 27, 2017, the Court adopted Judge Buchanan's February 8 and February 15 Reports and Recommendations. Dkt. No. 342. The reports directed counsel for Plaintiff and counsel for Michael Jennings to submit statements of fees and costs incurred in relation to their work for Judge Sheridan. Dkt. Nos. 298, 342. Timothy Hyland of Harris, St. Laurent & Chaudhry LLP, counsel for Michael Jennings, and Caitlin Lhommedieu of Roeder & Cochran PLLC, counsel for Plaintiff, filed statements of fees and costs. Dkt. Nos. 312, 337. Magistrate Judge Buchanan ordered any parties who opposed the fee requests to submit their objections by April 3, 2017. Defendants separately filed oppositions to the fee statements by and through counsel. Dkt. Nos. 343, 344. Defendant Hennager also filed an opposition *pro se*. Dkt. No. 346. In response to the objections, Judge Buchanan instructed counsel for Michael Jennings to submit amended billing statements which removed additional entries for work not performed

2

for Judge Sheridan. Dkt. No. 357. Counsel submitted a compliant revised statement of fees. Dkt. No. 358.

Taking into consideration these objections, Magistrate Judge Buchanan issued the May 5 Report recommending an award of fees to Harris, St. Laurent & Chaudhry LLP in the amount of $67,696.50 and an award of fees to Roeder & Cochran PLLC in the amount of $176,614.49. Judge Buchanan recommended the payment of these fees from the undistributed partnership assets. Defendant Louis Jennings, by and through counsel, has objected to the May 5 Report. Dkt. No. 399. Michael Jennings filed a response to Louis Jennings' objection. Dkt. No. 401. Defendant Hennager, acting *pro se*, also filed an objection to the May 5 Report. Dkt. No. 404.

## II. Legal Standard

When reviewing a Magistrate Judge's Report and Recommendation, the Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections, if any, are made. Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court is authorized to accept, reject or modify, in whole or in part, the recommendations made by the Magistrate Judge. Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(C). Where no party has made an objection to a report the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## III. Analysis

Taking into account all of the responses and objections, the Court considers the reasonableness of the fees recommended in the May 5 Report.

Consistent with precedent from the Fourth Circuit Court of Appeals, Judge Buchanan conducted a "lodestar" analysis, multiplying the number of reasonable hours expended times a reasonable rate. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax*

*Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In determining what is reasonable, Judge Buchanan considered each of the twelve factors enumerated in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974); *see also Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).

Based on that analysis, Judge Buchanan ordered counsel for Michael Jennings to submit a modified billing statement omitting certain unreasonable fees. Dkt. No. 357. Counsel for Michael Jennings acceded to the demanded modifications. Dkt. No. 358. Following this exchange, Judge Buchanan found that all of the remaining fees requested by counsel for Michael Jennings were reasonable. Judge Buchanan also recommended a $15,400 reduction in Plaintiff's counsel's fees. Dkt. No. 396, at 8, n. 1,2. This reduction corresponded to hours Plaintiff's counsel devoted to a motion to hold Louis Jennings in contempt, Dkt. No. 178, and a renewed motion for summary judgment, Dkt. No. 182, and time entries related to properties in South Carolina. Dkt. No. 396, at 7-8. Judge Buchanan found that these time entries were not related to services performed in service of Judge Sheridan and were therefore not entitled to recovery from the undistributed assets of the partnership. Neither Counsel has opposed Judge Buchanan's reduction to the fee awards.

Defendant Jennings has objected to the May 5 Report. In his opposition, Defendant Jennings contends that the Magistrate Judge applied the wrong standard to determine which fees to award resulting in an over-inclusive fee award. In addition, Defendant Jennings renews the objections raised prior to the May 5 Report, alleging that the following classes of time entries should not be repaid by the partnership: pre-settlement fees; costs for litigation in the Fourth Circuit; payments for services related to disputes *other than* derivative claims; services provided to Jennings Motor Company, Inc. ("JMC"); fees related to the disposition of the DAMN property

4

parcel held by the partnership; and fees related to zoning, environmental degradation, and other issues addressed by counsel. Counsel for Michael Jennings filed a response to the objection addressing each of the contested categories of billing entries. The Court addresses Defendant Jennings' objection to the standard for determining fees before considering his line-item objections to fees. Defendant Jennings did not oppose Judge Buchanan's lodestar calculation so the Court adopts those findings without further discussion.

Defendant Hennager also objects to the May 5 Report. Defendant filed her objection on June 5, 2017, though objections were due by May 19, 2017. Dkt. No. 396. Even allowing for Defendant's belated filing, the objection does not address the findings of the May 5 Report. Rather, the objection resuscitates arguments previously raised by the *pro se* party and rejected by the Court and the Fourth Circuit Court of Appeals. As Defendant Hennager's objection is not germane to the May 5 Report and has already been thoroughly addressed, no further attention will be given to the objection in this memorandum opinion.

## A. Standard for Determining the Award of Fees

Judge Buchanan adopted the following standard for attributing fees to the partnership as a whole instead of each individual partner:

> On March 27, 2017, the Honorable Liam O'Grady adopted the undersigned's previous Report and Recommendation of February 15, 2017, which found that counsel assisted the Special Master in performing specific tasks related to the potential sale of the properties, and prepared pleadings and presented evidence that assisted the Special Master in determining if the partners and former tenant owed any monies to the partnership.

Dkt. No. 396, at 3.

Defendant Jennings contends that Judge Buchanan exceeded this authority by awarding fees for time spent "preparing for the hearings before the Special Master *and this Court* relating to the claims against the partners." Dkt. No. 399 (emphasis original) (quoting Dkt. No. 396, at

5

8). Defendant Jennings argues that the hearings before the Court related to various disputes other than derivative claims are beyond the purview of the standard set forth in the Court's prior order. Defendant Jennings further contends that Judge Buchanan failed to distinguish the hearings before the Court from those before Judge Sheridan.

Defendant Jennings reading of the Court's prior order disregards the Defendants' sustained effort to relitigate the settlement agreement, the actions of Judge Sheridan, and the decisions of the Court. But for a measured response from opposing counsel, the issues would have gone uncontested. Responding in this manner, counsel for Plaintiff and Michael Jennings were in alignment with Judge Sheridan, and by extension, the partnership. Their filings played an important role in preserving the settlement agreement and defending the actions of Judge Sheridan and the Court and are therefore attributable to the partnership.

Judge Buchanan properly applied this standard to the fee requests in the May 5 Report. For example, Judge Buchanan found that Plaintiff and Michael Jennings' litigation in the Fourth Circuit was necessary to defend the validity of the settlement agreement and the decisions of this Court so that Judge Sheridan could proceed in his duties. Dkt. No. 399, at 7. But Judge Buchanan did not rubber stamp all of the fees for filings made by Plaintiff and Michael Jennings' counsel. Judge Buchanan found "that entries based on Plaintiff's Motion to Hold Mr. Louis Jennings in Contempt . . . and Plaintiff's Renewed Motion for Summary Judgment . . . should not be considered work for the Special Master." *Id.* These motions were instigated by Plaintiff for her own benefit which distinguishes them from the other filings which sought to preserve the legitimacy of the settlement agreement and prevent unreasonable delay in the disposition of the partnership. Similarly, Judge Buchanan excluded fees requested by counsel for Michael Jennings in the initial fee application. Dkt. No. 357. Considering her careful scrutiny of the fee

requests, the Court finds that Judge Buchanan correctly applied the standard for determining which fees are payable from the undistributed partnership assets.

### B. Particularized Objections

As discussed above, Defendant Jennings incorporates his prior objections to the following classes of time entries: pre-settlement fees; services provided to JMC; costs for litigation in the Fourth Circuit; payments for services related to disputes *other than* derivative claims; fees related to the disposition of the DAMN property parcel held by the partnership; and fees related to zoning, environmental degradation, and other issues addressed by counsel. While the objections have been largely addressed in the May 5 Report, the Court reviews the renewed objections in turn.

In the May 5 Report, Judge Buchanan found that the fees incurred prior to settlement and the fees for services provided to JMC were properly removed in the revised fee petition submitted by Michael Jennings' counsel. Dkt. No. 358. Defendant Jennings has not identified any remaining pre-settlement fees. The only entries which Defendant Jennings alleges are still associated with work for JMC are: two entries on April 20, 2016 to "[r]eview additional caselaw regarding wear and tear; send transcript to Judge Sheridan" and "[e]mail with A. Revercomb regarding transcript" totaling 0.5 hours of work at $450.00 per hour and 0.1 hours of work at $265.00 per hour; an April 26 entry of 0.7 hours of work at $450.00 per hour to "[r]eview Beverly email; confer with M. Jennings; draft letter to D. Fiske"; and an April 27 entry of 1.1 hours at $450.00 per hour to "[r]eview B. Hennager filings." These hours falls under two categories, both of which are appropriately billed to the partnership. A number of the entries were billed in response to Judge Sheridan's requests for transcripts and other research. The remainder account for counsel's communication with his client during the pendency of the

proceedings before Judge Sheridan. All of these requests are reasonably within the scope of the disputes before Judge Sheridan and are therefore attributable to the undistributed share of the partnership assets.

The fees for litigation ostensibly outside the scope of the derivative claims, including litigation before the Fourth Circuit, were addressed in the preceding section. These fees are reasonable and attributable to the undistributed share of the partnership assets.

Finally, the fees attributable to the DAMN property, zoning efforts, and resolution of environmental issues were all pursuant to requests by Judge Sheridan. Judge Sheridan was given responsibility for maximizing the value of the property assets. Pursuant to that authority, he expressly instructed counsel to research the zoning and environmental issues and participate in the process of marketing the properties. Because these fees were incurred pursuant to Judge Sheridan's instruction, the Court finds no merits to Defendant Jennings' renewed objection to these fees.

## IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the May 5 Report and Recommendation (Dkt. No. 396) and **GRANTS IN PART** Interested Party Michael Jennings' Supplemental Motion for Attorney's Fees. (Dkt. No. 312). The Court instructs Judge Sheridan to pay $67,696.50 to Harris, St. Laurent & Chaudhry LLP and $176,614.49 to Roeder & Cochran PLLC from the undistributed share of the assets of the Kay Jennings Family Limited Partnership.

An appropriate order shall issue.

June 8, 2017
Alexandria, Virginia

Liam O'Grady
United States District Judge