UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| KATHERINE R. DAUPHIN, | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civ. No. 1:15-cv-149 |
|  | ) | |
| LOUIS A. JENNINGS, JR., et al., | ) | |
| Defendants. | ) | |
|  | ) | |

REPORT AND RECOMMENDATION

THESE MATTERS come before the Court on Troutman Sanders LLP's Notice of Attorneys' Charging Lien (Dkt. 427) and Troutman Sanders LLP's Second Notice of Attorneys' Charging Lien (Dkt. 465). For the reasons stated below, the undersigned recommends that the amounts of Troutman Sanders LLP's charging liens be deducted from the individual proceeds payable to Beverly Hennager and Louis A. Jennings, Jr.

I. BACKGROUND

This case's long and tumultuous background has been set forth in numerous other orders, opinions, and reports of this Court. As such, the undersigned will only focus on the background relevant to Troutman Sanders LLP's notices of attorneys' charging liens.

At a settlement conference on August 10, 2015, the parties entered into a settlement agreement which approved the

1

appointment of a Special Master to perform a number of specifically designated tasks associated with an orderly disposition of the properties at question in this case, including sale or lease, and to determine amounts that may be due and owing to the partnership by the parties and by its former tenant, Jennings Motor Company. (Dkt. 67.) The Court then appointed the Honorable Paul F. Sheridan as Special Master to perform these duties. The Special Master was also empowered to employ counsel and consultants as necessary to carry out his duties. The Special Master, with the Court's blessing, utilized counsel for all parties to assist him by performing specifically assigned tasks. In addition, counsel was required to prepare pleadings and present facts and evidence on behalf of their clients at hearings before the Special Master.

On January 12, 2017, defendants and counterclaimants Beverly L. Hennager and Louis A. Jennings, Jr., each signed an Engagement Agreement with Troutman Sanders LLP agreeing that the firm would represent them in this case, including in proceedings involving the Special Master. Subsequently, on January 12, 2017, Stephen C. Piepgrass of Troutman Sanders LLP entered an appearance as attorney of record for Mr. Jennings and Ms. Hennager. (Dkt. 253.) On February 23, 2017, William H. Hurd of Troutman Sanders LLP entered an appearance as attorney of record for Mr. Jennings and Ms. Hennager. (Dkt. 315.) On April 13,

2

2017, Mr. Piepgrass and Mr. Hurt filed a motion to withdraw as counsel for Ms. Hennager, citing Ms. Hennager's request that they withdraw their representation of her. (Dkt. 359.) On May 3, 2017, the Court granted the motion to withdraw as counsel and Mr. Piepgrass's and Mr. Hurt's representation of Ms. Hennager was terminated. (Dkt. 392.)

After terminating their representation of Ms. Hennager, Mr. Piepgrass and Mr. Hurt continued to represent Mr. Jennings. On May 23, 2017, Mr. Jennings agreed in a signed agreement that he owed Troutman Sanders LLP payment for its representation for him and that such payment and any additional sums would be paid from a distribution of funds by this Court or the Special Master. On July 17, 2017, Mr. Piepgrass and Mr. Hurt filed a motion to withdraw as counsel for Mr. Jennings, citing Mr. Jenning's request that they withdraw their representation of him. (Dkt. 419.) On July 31, 2017, the Court granted the motion to withdraw as counsel and Mr. Piepgrass's and Mr. Hurt's representation of Mr. Jennings was terminated. (Dkt. 426.)

On August 1, 2017, Troutman Sanders LLP filed a Notice of Attorneys' Charging Lien pursuant to Virginia Code § 54.1-3932. (Dkt. 427.) The notice stated that Ms. Hennager owed Troutman Sanders LLP a total amount of $76,409.51 pursuant to the terms of the Engagement Agreement between Ms. Hennager and Troutman Sanders LLP dated January 12, 2017. On August 8, 2017, Ms.

3

Hennager filed an objection to Troutman Sanders LLP's Notice of Attorneys' Charging Lien. (Dkt. 433.) On February 21, 2018, Ms. Hennager again filed an objection to Troutman Sanders LLP's Notice of Attorneys' Charging Lien. (Dkt. 473.)

On February 15, 2018, Troutman Sanders LLP filed a Second Notice of Attorneys' Charging Lien pursuant to Virginia Code § 54.1-3932. (Dkt. 465.) The notice stated that Mr. Jennings owed Troutman Sanders LLP a total amount of $40,672.54 pursuant to the terms of the Engagement Agreement between Mr. Jennings and Troutman Sanders LLP dated January 12, 2017. On February 21, 2018, Mr. Jennings filed an objection to Troutman Sanders LLP's Second Notice of Attorneys' Charging Lien. (Dkt. 470.)

On May 11, 2018, the Special Master issued a status report that including a final account that identified the remaining distribution of assets to which each party is entitled, in accordance with various orders of the Court. (Dkt. 501.) Because they were not yet addressed by orders of the Court, Troutman Sanders LLP's charging liens were not included on the Special Master's final account.

## II. LEGAL STANDARD

Virginia Code § 54.1-3932 governs attorney's charging liens, stating in relevant part:

> Any person having or claiming a right of action sounding in tort, or for liquidated or unliquidated damages on contract or for a cause of action for

4

>     annulment or divorce, may contract with any attorney
>     to prosecute the same, and the attorney shall have a
>     lien upon the cause of action as security for his fees
>     for any services rendered in relation to the cause of
>     action or claim. When any such contract is made, and
>     written notice of the claim of such lien is given to
>     the opposite party, his attorney or agent, any
>     settlement or adjustment of the cause of action shall
>     be void against the lien so created, except as proof
>     of liability on such cause of action.

VA. CODE § 54.1-3932(A). In accordance with Virginia Code § 54.1-3932, "[a]bsent overreaching on the part of an attorney, contracts for legal services are valid and when those services have been performed as contemplated in the contract, the attorney is entitled to the fee fixed in the contract and to the lien granted by the statute." Heinzman v. Fine, Fine, Legum, & Fine, 217 Va. 958, 962, 234 S.E.2d 282, 285 (1977) (footnote omitted).[1]

### III. ANALYSIS

Troutman Sanders LLP has given the Court notice with regards to two attorneys' charging liens: one for its representation of Ms. Hennager and one for its representation of

---

1. Both Ms. Hennager and Mr. Jennings cite Heinzman v. Fine, Fine, Legum, & Fine to argue that a contract for legal services does not compel a client to pay the agreed upon amount. However, such a proposition as explained in Heinzman only applies to contingent fee contracts. See Heinzman, 217 Va. at 964, 234 S.E.2d at 286 (holding that an attorney is entitled to a fee based upon quantum meruit for services rendered when the legal services contract is a contingent fee contract). Because the Engagement Agreement that Ms. Hennager and Mr. Jennings entered into with Troutman Sanders LLP is not a contingent fee contract, the ultimate holding from Heinzman is not the applicable law in this case.

5

Mr. Jennings. In light of the Special Master's final accounting, it is appropriate for the Court to determine the validity of Troutman Sanders LLP's charging liens. The undersigned considers each charging lien in turn.

### A. Charging Lien for Representation of Ms. Hennager

Troutman Sanders LLP asserts that Ms. Hennager owes Troutman Sanders LLP a total amount of $76,409.51 pursuant to the terms of the Engagement Agreement between Ms. Hennager and Troutman Sanders LLP dated January 12, 2017.

Upon consideration of the Engagement Agreement and Troutman Sanders LPP's subsequent representation of Ms. Hennager, the undersigned determines that the Engagement Agreement is a valid contract for legal services, and Troutman Sanders LLP's services have been performed in accordance with the Engagement Agreement. In particular, Ms. Hennager agreed to a legal services contract that involved hourly rates for various attorneys at Troutman Sanders LLP to work on her case with the ultimate goal of obtaining payment from the proceeds of sale of properties by the Special Master without Ms. Hennager having to relinquish any claims or sign any waivers of her rights. The Engagement Agreement is clear and unambiguous in stating that payment by Ms. Hennager was required for the work devoted by Troutman Sanders LLP to attempt to accomplish the ultimate goal of representation, regardless as to whether that ultimate goal was

6

fully accomplished. Therefore, Troutman Sanders LLP is entitled to the fees fixed in the Engagement Agreement and the statutory charging lien asserting its entitlement to those fees, meaning that Ms. Hennager owes Troutman Sanders LLP $76,409.51. It is appropriate for those fees to be paid from the individual proceeds payable to Ms. Hennager.

### B. Charging Lien for Representation of Mr. Jennings

Troutman Sanders LLP asserts that Mr. Jennings owes Troutman Sanders LLP a total amount of $40,672.54 pursuant to the terms of the Engagement Agreement between Mr. Jennings and Troutman Sanders LLP dated January 12, 2017. Troutman Sanders LLP further asserts that Mr. Jennings agreed that he owed Troutman Sanders LLP payment and that such payment and any additional sums would be paid from a distribution of funds by this Court or the Special Master, as per a signed agreement dated May 23, 2017.

Upon consideration of the Engagement Agreement and Troutman Sanders LPP's subsequent representation of Mr. Jennings, the undersigned determines that the Engagement Agreement is a valid contract for legal services, and Troutman Sanders LLP's services have been performed in accordance with the Engagement Agreement. In particular, Mr. Jennings agreed to a legal services contract that involved hourly rates for various attorneys at Troutman Sanders LLP to work on his case with the ultimate goal of

7

obtaining payment from the proceeds of sale of properties by the Special Master without Mr. Jennings having to relinquish any claims or sign any waivers of his rights. The Engagement Agreement is clear and unambiguous in stating that payment by Mr. Jennings was required for the work devoted by Troutman Sanders LLP to attempt to accomplish the ultimate goal of representation, regardless as to whether that ultimate goal was fully accomplished. Therefore, Troutman Sanders LLP is entitled to the fees fixed in the Engagement Agreement and the statutory charging lien asserting its entitlement to those fees, meaning that Mr. Jennings owes Troutman Sanders LLP $40,672.54. It is appropriate for those fees to be paid from the individual proceeds payable to Mr. Jennings, especially in light of Mr. Jennings agreeing to such a deduction from his individual proceeds as per his signed agreement with Troutman Sanders LLP dated May 23, 2017.

## IV. RECOMMENDATION

For the reasons outlined above, the undersigned U.S. Magistrate Judge recommends that Troutman Sanders LLP's charging liens be found valid, that $76,409.51 be deducted from the individual proceeds payable to Beverly L. Hennager and paid to Troutman Sanders LLP, and that $40,672.54 be deducted from the individual proceeds payable to Louis A. Jennings, Jr., and paid to Troutman Sanders LLP.

NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

May 30, 2018
Alexandria, Virginia