# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| KATHERINE R. DAUPHIN, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>LOUIS A. JENNINGS, ET AL., )<br>)<br>*Defendants*. )<br>)<br>) | Case No. 1:15-cv-149<br>Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Theresa Carroll Buchanan, dated May 30, 2018, addressing the validity of charging liens entered by Troutman Sanders LLP (Troutman), former counsel to defendants Beverly Hennager and Louis A. Jennings, Jr. Dkt. 507. Ms. Hennager filed a timely objection to the Report and Recommendation. Dkt. 509. The Court has reviewed the notices of charging liens, the underlying documents, and Ms. Hennager's objections. For good cause and the reasons that follow, the Court **ADOPTS** the findings and recommendation of Judge Buchanan.

In opposition to Judge Buchanan's Report and Recommendation, Ms. Hennager makes five arguments. First, she contends that Troutman's lien pertaining to her is invalid because Troutman did not recover money for her or obtain an award for money damages. Second, she contends that Troutman can only place a charging lien on money recovered for the client through the lawyer's work and that Troutman did not recover anything for her to which she was not otherwise entitled. Third, she contends that the Court does not have jurisdiction to impose a charging lien because such decision is outside the scope of the settlement agreement in this

matter. Fourth, she contends that Troutman argued against her interest during her appeal before the Fourth Circuit and that, consequently, the firm was in effect representing this Court's orders on appeal, creating a conflict of interest for this Court which must result in recusal. Finally, she contends that imposing a charging lien would violate the mandate of the Fourth Circuit Court of Appeals to distribute the remaining assets consistent with the settlement agreement.

Ms. Hennager's first and second arguments were addressed and rejected in Judge Buchanan's Report and Recommendation. Dkt. 507, p. 5, n. 1. As Judge Buchanan noted, Ms. Hennager's engagement letter with Troutman was not a contingent fee contract – her obligation to pay for services was not outcome-dependent. Ms. Hennager's contention that this result suggests that the Court was improperly holding the money at issue in this case is simply not supported by the facts, law, or logic. While Ms. Hennager and the other parties to this case disputed ownership over the money, the money needed to be secured by the Court until resolution of the dispute and Hennager contracted with Troutman to represent her in pursuing that resolution.

Ms. Hennager's remaining arguments are equally unavailing. First, the Court has jurisdiction over this case and has jurisdiction under VA. CODE § 54.1-3932(A) to secure funds pursuant to charging liens. Second, Ms. Hennager has previously moved for this Court's recusal on this very ground and the Court has denied that motion. As a matter of fact and law, Troutman was not representing this Court's orders on appeal. This Court did not contract with Troutman, Ms. Hennager did. Accordingly, the Court will not recuse itself in this matter. Lastly, the mandate rule is inapplicable here. The Fourth Circuit has not ruled on the validity of Troutman Sanders's charging liens and the Fourth Circuit's decisions affirming this Court's rulings do not deprive this Court of authority to ensure that the final distribution of funds is carried out

lawfully. The lawful distribution requires the Court to consider legally-authorized liens placed on a party's entitled distribution. For these reasons and for good cause, Ms. Hennager's objections to the R&R are overruled.

Accordingly, for these reasons, the reasons cited by Judge Buchanan, and for good cause shown, the Court finds Troutman Sanders LLP's charging liens to be valid. The Court **ORDERS** that $76,409.51 be deducted from the individual proceeds payable to Beverly Hennager and paid to Troutman Sanders LLP. The Court further **ORDERS** that $40,672.54 be deducted from the individual proceeds payable to Louis Jennings, Jr. and paid to Troutman Sanders LLP.

It is **SO ORDERED**.

June 15, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge